## GEO. W. THORP v. CONCORD RAILROAD CO.

### *Railroad Company.    Common Carrier.    Stock Ticket.*

1. A railroad company may prescribe the train upon which a ticket, issued for a special consideration, shall be good.

2. Plaintiff received a stock ticket from a connecting road between two points, issued to him in consideration of shipping certain stock between those points. Upon the back were certain printed conditions, which the plaintiff signed, specifying that the ticket was good only upon the freight train upon which his stock was transported. *Held*, that such ticket was not good upon a passenger train.

3. The fact that similar tickets have been previously received by defendant for passage upon its passenger trains does not alter the case.

This was an action in trespass to recover for damage by reason of being ejected from the defendant's car.

The plaintiff in his declaration alleged that he was a passenger for hire, riding in one of defendant's passenger coaches, and that he was forcibly ejected therefrom by the defendant.

To this declaration the defendant filed the following special plea:

" And for further plea in this behalf, the said defendant, by leave of the court for that purpose first had and obtained, according to the form of the statute in such case made and provided, says that the said plaintiff ought not to have or maintain his aforesaid action against it, because it says that the said plaintiff was not a passenger for a certain hire and reward, which he had paid the defendant as alleged in said declaration; but on the contrary, the plaintiff refused to pay the defendant any hire or reward for his transportation in said car, although the defendant, by its conductor on said train, demanded of the plaintiff only the customary legal fare for his passage, as aforesaid, or a ticket as evidence of his payment thereof; and the said defendant further says that the said plaintiff then and there offered to the said conductor a paper called a " Live Stock Ticket," which ticket is substantially in the words and figures following:

CENTRAL VERMONT RAILROAD.

### Live Stock Ticket.

St. Albans, May 4th, 1885.

For George Thorp. *Via* Worcester and Nashua, from St-Albans to Providence, when countersigned by J. S. Story. Good for one trip only, on freight train, as per condition on back with car No.—— Worthless six days from date.

Countersigned,                J. W. HOBART,
    J. S. STORY.                General Manager.

Across the face of the ticket was printed :

This ticket must not under any circumstances be endorsed GOOD TO RETURN. Worthless if erasures or alterations are made.

On back :

The person named upon this free ticket is entitled to ride upon the freight train of which his car or cars form a part, for the purpose of taking care of his live stock or (during winter) his potatoes, on condition that he assumes all risks of accidents, and expressly agrees that neither the receiver nor managers of any company in the line shall be liable under any circumstances for personal injury while upon or about the train.

The condition upon which this pass is given is that the owner or his representative go with and assume the care of his stock, in order to diminish the responsibility of the carrier, and unless he rides upon the train with his property he waives all claim for loss or damage to the same. Not transferable.

I hereby accept the conditions of this ticket and will be governed by them.

Witness :

(Sig.)        GEO. W. THORP.

And the said plaintiff claimed and insisted upon his right to be carried as a passenger, as aforesaid, between Concord and Nashua, upon the defendant's passenger train, upon and in virtue of said Live Stock Ticket. And the defendant says that the plaintiff procured said ticket from the Central Vermont Railroad Company, at the time and in consideration of his delivering to

said company six horses and one buggy, to be carried from St. Albans, Vermont, to Woonsocket, Rhode Island, as freight on freight trains, and agreeing to pay the freight charges thereon, and further agreeing to comply with the terms of said ticket, and the defendant, by its said conductor, then and there informed the plaintiff that said ticket could not be received for his passage on said passenger train, and that he must pay the usual fare, which was then and there named to him, or leave the train. And the defendant says that on the arrival of the train at Manchester, a station midway between Concord and Nashua, and on the line of its road, the said plaintiff refusing to pay his fare, as aforesaid, the said conductor requested him to go and depart out of said train or car, which he, the said plaintiff, then and there refused to do ; whereupon the said conductor, at the said time and place aforesaid, gently removed him, the said plaintiff, out of the car, using no more force than was necessary for that purpose."

To the foregoing plea, the plaintiff filed this replication :

"That at the time when the said plaintiff procured said ticket, as in said plea mentioned, to wit: on said 4th day of May, A. D. 1885, to wit: at St. Albans, the said Central Vermont Railroad Company, in consideration that the said plaintiff would pay the sum of sixty dollars, to be collected at destination, undertook, and then and there, by force only of the ticket in said plea mentioned, and said course of business and payment of said sixty dollars, agreed with the said plaintiff, on behalf of itself and said defendant and connecting roads between said St. Albans and said Woonsocket, to transport said six horses and said one buggy to said Woonsocket as in said plea mentioned, and also to transport and carry the said plaintiff by said road and said defendant's road and connecting roads on a regular and usual passenger train from said St. Albans, to Providence, Rhode Island. And the said plaintiff says that the said Central Vermont Railroad Company then and there delivered said ticket to said plaintiff.

And the said plaintiff says that before and at the time when said Central Vermont Railroad Company so as aforesaid under-

took and agreed, it had been and then and there was the usual course of business between said Central Vermont Railroad Company and said defendant and other connecting railroads between said St. Albans and said Providence, by the way of Worcester, in the State of Massachusetts, and said Nashua, and said plaintiff, and upon the like consideration, for said Central Vermont Railroad Company to bill freight from said St. Albans to its destination on the line of said connecting roads, and to issue and deliver to said plaintiff a ticket substantially like the said ticket in the said plea mentioned.

And the said plaintiff says that in pursuance of said course of business, and upon the like consideration and under the like understanding and agreement, he, the said plaintiff, had repeatedly before and since said 4th day of May, 1885, to wit: at said St. Albans, been so carried, transported, conveyed and permitted to ride on and over said Concord Railroad on like passenger trains and in like passenger cars, with the said car in said plea mentioned, without let or hindrance, and upon his, the said plaintiff, exhibiting to the conductor a like ticket, with the said ticket, in the said plea mentioned.

And the said plaintiff says that before and at the time aforesaid, to wit: on the 4th day of May, 1885, at said St. Albans, it had been, and then and there was, the usual course of business by and among said Central Vermont Railroad Company and said defendant and said connecting railroads between said St. Albans and said Providence and Woonsocket, by the way of Worcester and Nashua, to collect the freight on goods, wares and merchandise so billed, as aforesaid, from St. Albans aforesaid, and to appropriate and divide the said freight so collected among said roads, to wit: at St. Albans. And the said plaintiff says that he, the said plaintiff, afterwards, to wit: on said 5th day of May, 1885, paid said sum of sixty dollars, to wit: at St. Albans, aforesaid."

To this the defendant demurred generally.

The court, September Term, 1888, Taft, J., presiding, sustained the demurrer, and the plaintiff excepted. Exceptions passed to Supreme Court before final judgment.

*H. C. Adams*, for the plaintiff.

The plaintiff received this ticket in consideration that he should send certain freight over the defendant's road, and pay the charges.

He was therefore a passenger for hire.

He had, on previous occasions, in the same course of business, been transported on defendant's passenger trains under similar tickets. Hence defendant had no right to deny such was the effect of this ticket.

The act of the conductor in expelling plaintiff was the act of defendant alone. *Sprague* v. *Smith*, 29 Vt. 421.

*Guy C. Noble*, for the defendant.

The plaintiff's ticket entitled him to be carried on a freight train only. The plaintiff signed the contract binding him to that condition. *Jerome* v. *Smith*, 48 Vt.; R. L. Vt. s. 3434; *Townsend* v. *N. Y. R. Co.*, 56 N. Y. 295; *Shelton* v. *R. R.*, 29 Ohio, St. 214; *Stom* v. *R. R.*, 47 Ia. 82; 59 N. Y. 594; 8 Lea (Tenn.) 938; *R. R.* v. *Garrett*; *Railroad* v. *Ford*, 53 Texas, 364.

The plaintiff's oral agreement with the railroads by which he was to be transported, cannot vary the written contract evidenced by the ticket. *Velrich* v. *Ford*, 23 Howard, 49; see 15 Wal. 543; *Melville* v. *R. R.*, 2 Mackey, (Cir. Ct. Col.)

The fact that a thing has been done a few times does not establish a custom or usage which can vary a written contract. 9 Pick. 426; *Lindsay* v. *Lovely*, 26 Vt. 123; *Moran* v. *Preston*, 23 Wal. 492.

The opinion of the court was delivered by

ROYCE, Ch. J. This is an action of trespass, brought to recover for the damage sustained by the plaintiff in being ejected from a passenger car upon which he was then riding, and was heard on a demurrer to the plaintiff's replication.

The replication attempted to justify the plaintiff's right to ride in the car from which he was ejected under a live stock

ticket which was delivered to him at St. Albans, on the 4th of May, 1885. The plaintiff on that day shipped six horses and a buggy, at St. Albans, to be transported over the Central Vermont and connecting roads, of which the defendant road is one, to Woonsocket, R. I., and alleges that in consideration of his agreement to pay the charges for the transportion of such property, said live-stock ticket was issued to him. Said ticket was made good for one trip only, on a freight train, from St. Albans to Providence *via* Worcester and Nashua, as per conditions on back. The conditions provided that the person named in the ticket was entitled to ride upon the freight train, of which his car formed a part, for the purpose of taking care of his stock, and that he should go with it and assume the care of it. The plaintiff accepted the ticket upon the conditions named, and agreed to be governed by them by writing his name under the conditions printed on the back of it, and alleges that by virtue of said ticket only the Central Vermont R. R. Co. agreed to transport him between the points named in it on a regular passenger train, and that he had, before said 4th of May, been transported on said Concord railroad, in passenger cars, by exhibiting to the conductors a ticket like the one received on the 4th of May, 1885.

Upon the facts as alleged in the replication, had the conductor the legal right to eject the plaintiff from the cars? The only evidence that the plaintiff offered to the conductor to show his right to ride on a passenger train of the defendant was the live-stock ticket, and, as we have seen, that ticket limited his right to ride on a freight train, and upon the conditions hereinbefore named.

The right of a railroad corporation to define and limit the train upon which a passenger, using a ticket, is entitled to ride is undoubted, and the acceptance of such a ticket is only evidence of the right to use it on the train named in it. That a conductor has a right to demand fare of a passenger, or evidence that he has paid it, and upon his refusal to pay fare or to produce evidence that he has paid it, to eject him from the car at a proper place and in a proper manner, was settled by this court in

Thorp *v.* Railroad Company.

*Jerome* v. *Smith et al.*, 48 Vt. 230. It is alleged in the plea, and not denied in the replication, that the conductor, before he ejected the plaintiff, demanded his fare and he refused to pay it, and that the only evidence exhibited to the conductor showing his right to remain in and to ride upon the car was said live-stock ticket. As we have seen that only entitled him to ride upon a freight train.

The fact alleged of his having been permitted to ride in passenger cars upon tickets like the one on which he was attempting to ride when ejected, does not change or vary the legal rights of the parties, as evidenced by the ticket accepted by the plaintiff on the 4th of May, 1885.

*The replication does not answer the plea, or allege facts which justify the claim made, and the judgment sustaining the demurrer and adjudging the replication insufficient, is affirmed and judgment rendered for the defendant.*