(Opinion published 52 N. W. Rep. 391.)

---

## ORAN S. PINE *vs.* ST. PAUL CITY RY. CO.

Argued April 28, 1892. Decided June 10, 1892.

**Street Car Ordinance Construed.**

By the ordinance of the city of St. Paul, granting certain franchises to the defendant, a passenger who has paid one fare on any line operated by the company in the city is entitled to a transfer check or ticket entitling him to a continuous passage over any connecting or crossing line. Where such passenger applies for and accepts a transfer ticket for one of several continuous or crossing lines, plainly marked and designated, he will be limited to the line so selected, but where the route designated is not so limited, but is equally applicable to several lines, he will be entitled to be transported over either.

Measure of Damages.

> Where a passenger is ejected by a conductor acting in good faith in pursuance of the rules of the company, and upon due notice to him, and with the exercise of no more force than is reasonably necessary, the damages to be allowed, if a recovery is had, are compensatory only.

Appeal by defendant, the St. Paul City Railway Company, from an order of the District Court of Ramsey County, *Egan*, J., made February 20, 1892, denying its motion to set aside the verdict and grant a new trial.

The plaintiff, Oran S. Pine, was on November 10, 1891, ejected from a street car on Wabasha street in St. Paul, for nonpayment of fare. He presented a transfer ticket which under the ordinance, entitled him to passage, but which the conductor was required by the company's rules, to refuse on that line. Plaintiff was requested to pay fare or leave the car. He refused to do either and was then put off. No more force was used than was necessary. The next day he brought suit, and the issues were tried January 29, 1892, before the court and a jury. The Judge charged the jury that the transfer ticket entitled plaintiff to ride on that car, and that he was entitled to at least nominal damages; that if the plaintiff was ejected from the car in a bold, violent, and willfully malicious manner, in a manner that would be an outrage upon the decency and propriety of men, they might give punitive damages to punish for the act.

The defendant excepted to this charge, in that it suggested to the jury, that there was evidence in the case to warrant punitive damages. The jury found for plaintiff and assessed his damages at $400.

*McCafferty & Noyes*, for appellant.

As a general or abstract proposition of law, the statement of the court as to punitive damages may be correct. But instructions containing mere abstract legal propositions, without any evidence to support them, are calculated to mislead the jury, and should not be given. *Stier* v. *City of Oskaloosa*, 41 Iowa, 353; *McNair* v. *Platt*, 46 Ill. 211; *Du Laurans* v. *First Div. St. P. & Pac. R. Co.*, 15 Minn. 49, (Gil. 29;) *Hoffman* v. *Northern Pac. R. Co.*, 45 Minn. 53.

The damages are excessive, appearing to have been given under the influence of passion and prejudice. *Finch* v. *Northern Pacific R. Co.*, 47 Minn. 36.

*M. L. Countryman,* for respondent.

The damages were not excessive. *Higgins* v. *Louisville, N. O. & T. R. Co.*, 64 Miss. 80; *Chicago, St. L. & P. R. Co.* v. *Holdridge*, 118 Ind. 281; *Hardenberg* v. *St. Paul, M. & M. Ry. Co.*, 41 Minn. 200; *Serwe* v. *Northern Pac. R. Co.*, 48 Minn. 78.

Under the court's instructions the jury awarded $400 as compensatory damages, and nothing for punishment.

VANDERBURGH, J. Action for damages for an alleged wrongful expulsion from one of defendant's street cars. At the time of the injury complained of defendant was operating several lines of street cars in the city of St. Paul, and among them was the Grand avenue line, which intersects Wabasha street on West Seventh street. The St. Anthony Park, Fair Grounds, and Hamline line extends over Wabasha and University avenues to Lexington avenue, and thence to Hamline; the Interurban line extends over Wabasha and University avenues to and beyond Lexington avenue; and the University avenue, Wabasha, and West St. Paul line from West St. Paul over Wabasha and University avenues to Kent street, its western terminus, which is a considerable distance east of Lexington avenue. These lines all connect with the Grand avenue line on Wabasha street. By the ordinance forming its contract with the city, and from which it derives its authority to run its cars and exercise its franchise in the city, the defendant is required "to issue a transfer check or ticket to any person who has paid one fare on any line operated by it in the city of St. Paul, which ticket entitles the passenger to a continuous passage over any connecting or crossing line operated by the company. No passenger shall be entitled to more than one transfer for one fare, and such transfer check shall be used only by the person receiving the same for a continuous passage, and shall be used upon the next car departing upon the connecting line upon which it is to be used." Under this ordinance, a passenger on the Grand

avenue line, going east, would be entitled to a transfer over any one of three other routes mentioned, which he might select, and, of course, but one. If, for instance, such passenger should desire to go to Lexington avenue, he could take either the first or second line mentioned running on Wabasha street and University avenue; but if he took passage on the third line the car would take him, in the same direction, no further than Kent street.

On the day in question the plaintiff was a passenger on the Grand avenue line, going east, and, having paid one fare, was entitled to, and applied for, a transfer ticket. He notified the conductor that he wanted to go to Lexington avenue, and asked for a transfer to that avenue. The conductor thereupon gave him a transfer check which on its face purported to be a transfer "from Grand avenue line to line punched." And under the words "going east" thereon was printed in separate lines "N. on Interurban," "N. on Rondo," "N. on Rice," "University and Wab.," (the latter word being an abbreviation for "Wabasha,") "N. on Lexington." The line actually punched was "University and Wab." There were no other words on the check to indicate the Hamline line, or the line to Lexington avenue, or that "the line punched" was the West St. Paul line. The plaintiff wanted a transfer good to Lexington avenue. The defendant might, therefore, have given him one over either the Interurban or Hamline line, and, by accepting a transfer ticket limited to either in accordance with the rules of the company, if properly expressed on the ticket, he could not complain that he was obliged to take the particular line indicated by the transfer ticket. In response to his request he was given a ticket which apparently entitled him to be carried over the University and Wabasha route as far as the car on that route which he might take should go. There was nothing on the face of it to show that the route or line punched was not the one that he desired. By its terms it presumptively gave him a legal right under the ordinance to ride on the cars of the Hamline line which ran over Wabasha street and University avenue. The transfer check is furnished by the company, and the terms used must be most strongly construed against it; and when he asked for a ticket to "University and Lexington," and was given a transfer

over "University and Wab.,"—that being a route leading directly to
Lexington avenue,—it was rightly construed as against the com-
pany by the trial court as entitling the plaintiff to take a car over
that route, and he was rightly on board the car from which he was
ejected.

This was the construction placed upon the transfer by the plain-
tiff, by the conductor who issued it, and by the conductor upon the
Interurban car, who directed him to take the Hamline car.  At the
instance of the conductor of one of the cars on the Interurban line,
the plaintiff entered a car of the Hamline line.  The conductor on
the latter car refused to accept the transfer in question, in conformity
with the rules of the company, which forbade him to accept a trans-
fer check given for another line.  As a matter of fact the first con-
ductor made a mistake in the form of the transfer, the line punched
being the West St. Paul line, as before stated.  Under the regula-
tions of the company, however, it became the duty of the conductor
to reject the transfer, and collect of the plaintiff the regular fare,
because his transfer check was not good over the Hamline line.

The plaintiff, having refused to pay his fare or leave the car, was
removed by the aid of a policeman.

In order to the successful and orderly management of its business,
it is proper for the company to adopt and enforce suitable regula-
tions for the transfer of passengers, as enjoined by the ordinances.
Whether a passenger has not a right to insist upon a transfer gen-
eral in its terms and good for any connecting line he may elect, or
whether the city council might require the transfer to be in that
form, it is not necessary to decide in this case.  If the passenger ac-
cepts a transfer plainly marked for a particular line, he is not enti-
tled to take a car of another and different line.  By accepting such
a transfer he so far consents to the regulations of the company in re-
spect to the route and line of cars designated, and the conductors on
the several lines would be obliged, in obedience to the rules of the
company, to distinguish between the transfers, and require them to
be used on the particular lines designated.  But in this case, as we
have seen, the transfer was not sufficiently explicit to limit its appli-
cation to the West St. Paul line, as the company intended, and under

the ordinance it was good for the line of cars which plaintiff took, running over University and Wabasha streets; that is to say, he was entitled to a transfer, for the line he took and asked for and the transfer accepted was sufficiently general to entitle him to use it thereon. His expulsion from the car was therefore wrongful.

But the evidence does not present a case for the allowance of punitive damages, and upon this point the instructions of the court were erroneous. The conductor acted in obedience to the rules of the company. He so informed the plaintiff, and no more force was used than was absolutely necessary. Compensatory damages only were recoverable. The instructions were presumptively prejudicial on this point, and from the amount of the verdict it is apparent, we think, that it could not have been limited to compensatory damages merely. There must therefore be a new trial.

Order reversed.

(Opinion published 52 N. W. Rep. 392.)