KEEN *v.* DETROIT ELECTRIC RAILWAY.

STREET RAILWAYS—TRANSFERS — EJECTION OF PASSENGER — AC-
TIONS.

> A passenger on an F.-avenue street car, who was given a
> transfer stamped as good on "C." cars only, cannot recover
> damages against the company for the refusal of a conductor
> on a "B." car to accept the transfer, and his ejection of plain-
> tiff from such car, though transfers from the F.-avenue line
> had theretofore been good on both cars; the transfer, as be-
> tween the last conductor and the passenger, being conclu-
> sive against the latter's right to travel on "B." cars, and his
> remedy, if any, being for the failure of the first conductor to
> furnish a proper transfer.

Error to Wayne; Hosmer, J.   Submitted February 2,
1900.   Decided March 6, 1900.

Case by Williston A. Keen against the Detroit Electric
Railway for an alleged wrongful ejection from a street
car.   From a judgment for defendant on verdict directed
by the court, plaintiff brings error.   Affirmed.

*John G. Hawley,* for appellant.

*Corliss, Andrus & Leete,* for appellee.

LONG, J.   Plaintiff, on September 13, 1897, took one of
defendant's cars at the Chamber of Commerce in Detroit
to ride up to the corner of Fourteenth and Warren ave-
nues, to go thence east on Warren avenue.   He had been
in the habit of going this way for some time, and had always
been furnished with a transfer east on Warren.   On the
day in question he took a transfer east on Warren, and
tendered it to the conductor of that car, who refused to
take it, as it was a ticket good on the Cross-Town cars
only, and was so marked.   While on the Fourteenth-
avenue car, he had asked for a transfer east on Warren,

and received this transfer. It appears that, on Sunday preceding, the defendant company had changed its regulations, and gave transfers east on Warren good on the Cross-Town cars only, and not good on the cars marked "Belt." The car the plaintiff got on was marked "Belt," and therefore the conductor refused to honor the transfer presented, and ejected the plaintiff from the car. The plaintiff testified to the ejection as follows:

"He [the conductor] said it should have been punched to be good for his car; it should have been punched 'Car to Car.' Then he went on to explain the reason why. He said that the Fourteenth-avenue line and the so-called 'Old Fourteenth' or 'Belt' line up Fourteenth were one line, and, to have a transfer valid on that line, it should have been punched 'Car to Car.'

"Q. He was perfectly polite in his explanation, was he not?

"A. Yes, sir.

"Q. Gentlemanly?

"A. Gentlemanly at the time—at that time that he was explaining it to me.

"Q. And what did you say to him then?

"A. I told him I was not going to pay any other fare; I was going over to Lincoln on that transfer.

"Q. All the time this conversation was going on, the car was proceeding east? Almost had reached your street, had it not?

"A. No, sir.

"Q. How far was it from there?

"A. Three long blocks.

"Q. From where?

"A. From Lincoln avenue.

"Q. From Lincoln avenue to what street?

"A. Avery avenue. I think Avery avenue is about 750 feet from Lincoln avenue. The conductor said I would either have to pay my fare or get off the car and walk. I kept on arguing right along that it was an injustice that that transfer was no good. He said: 'That will do you no good. You will only make complaint at the office that may result in my being laid off or losing several days' pay.' I said that I did not want him to lose several days' pay; I had nothing against him. He was trying to prevail on me to pay my fare or get off the car, and I was trying to persuade him to take the transfer.

"*Q.* Now, what did he do? You say he put you off the car. What did he do?

"*A.* He had his hand on the bell-rope when this woman got on, and he stood there, and he touched me on the shoulder, and he says, 'You will either have to pay your fare or get off;' and I got up and got off.

"*Q.* He touched you on the shoulder?

"*A.* Yes, sir, or on the coat-sleeve; and told me I had to get off the car; waited there until I got off. And I walked the rest of the way home."

It appears that the next day the plaintiff took the car marked "Belt," and made no transfer, as the route of that car was up Fourteenth and east on Warren. The day after that, however, he took the Fourteenth-avenue car again, and asked for a transfer east on Warren. He did not specify what car it was for, and the conductor gave him a transfer on a "Cross-Town" car. He got on a "Belt" line car. He says:

"I knew at the time I got on that car that, if the rule that I had been informed about two days before was enforced, that the transfer would not be accepted. * * * I did not expect to be put off, because I was going to ride right through. I was going to bull it through, that is the reason why. * * * I told the conductor that he would have to put me off. He took me by the shoulder, took me to the car door, helped me down the steps, and then walked to the back end of the car, inside. He put his hand on the top of my shoulder, and I walked out."

On the trial in the court below the court directed the verdict in favor of the defendant. Plaintiff brings error.

The court below was not in error. The declaration counted upon the wrongful act of the conductor on the Warren-avenue car in ejecting him from that car while he held a transfer giving him the right to be carried east on Warren avenue; that is, the plaintiff sued for damages sustained by reason of his not being carried according to his contract, and not for the breach of the first conductor in not furnishing him with the proper ticket. It appeared by the evidence that his transfer, on its face, did not entitle him to ride on the Belt car which he entered,

but was good only on a Cross-Town car. He did not take a Cross-Town car. The transfer ticket did not entitle him to ride on that car. In *Frederick* v. *Railroad Co.*, 37 Mich. 345 (26 Am. Rep. 531), it was said:

"There is but one rule that can safely be tolerated with any decent regard to the rights of railroad companies and passengers generally. As between the conductor and passenger and the right of the latter to travel, the ticket produced must be conclusive evidence."

See, also, the case of *Thomas* v. *Railway Co.*, 72 Mich. 355 (40 N. W. 463).

The judgment below must be affirmed.

The other Justices concurred.