VICKSBURG RAILROAD, POWER & MANUFACTURING CO. *v.* JAMES R. MARLETT.

1. DAMAGES. *Punitive damages. Wilful wrong.*

Punitive damages are only recoverable where the acts complained of are characterized by malice, fraud, oppression or wilful wrong, evincing a disregard of the rights of others.

2. SAME. *Street railway. Transfer ticket. Case.*

A street railway conductor may properly refuse to accept a transfer ticket which has not been punched by the conductor from whom the passenger received it, as required by the rules of the company, and in the absence of evidence of a wilful omission of the first conductor to punch the ticket or of the second conductor to accept it when he knew that his duty required him to do so, the company is not liable for punitive damages by reason of the ejection of the passenger without insult, rudeness or unnecessary violence.

3. SAME. *Ejection of passenger. Insult. Evidence.*

The unsupported testimony of a plaintiff that he "considered" the conductor who ejected him from a railway car very insulting, does not warrant a verdict against the company for punitive damages, since it was for the jury to determine the nature of what the conductor said and did.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Special Judge.

Marlett, the appellee, was the plaintiff and the railroad, etc., company, appellant, the defendant in the court below. The opinion states the case.

*Miller, Smith & Hirsh,* for the appellant.

The verdict in this case is excessive. *Pine* v. *St. Paul City Railroad Co.,* 52 Am. & Eng. R. R. Cas., 584. No more force was used in the case at bar than in the one above cited, and the jury could not have been warranted in finding, in the language of plaintiff's third instruction, that unnecessary force was used.

The reporter is unable to find the brief for the appellee.

TERRAL, J., delivered the opinion of the court.

It has been held in this state that punitive damages may be recovered only in cases where the acts complained of are characterized by malice, fraud, oppression or wilful wrong evincing a disregard of the rights of others. There must be some element of one or more of the qualities or properties named, relating to the acts made the ground of the action, before exemplary damages can be inflicted. It may be admitted that the ejection of Marlett from the car of appellant was wrongful, but it is clear from the evidence that it was not wilfully or intentionally wrongful. Conductor Dyer was executing a rule of the company, reasonable in itself, and would not honor the transfer presented by Marlett, because it was not punched as required by such rule, and in ignorance of any neglect of duty by the conductor from whom Marlett received the transfer ticket, and in so doing he cannot be said to have committed a wilful wrong. The conductor who furnished Marlett with the transfer ticket failed to punch it to denote its use, and therein committed a great wrong towards him, but whether

the loss of his punch,. which occasioned his omission of duty, was accidental or negligent does not appear.   In either event, however, it could only be said that his act was negligently wrongful, and so could not become the basis for the infliction of exemplary damages—that is, it cannot be said that Conductor Dyer refused to accept the transfer ticket of Marlett, knowing that his duty required him to accept it.   And unless such was the fact it cannot be said that his act imported a wilful wrong.   For a wilful wrong that gives a cause of action for the imposition of exemplary damages, must be denoted by a wrongful act done with a knowledge of its wrongfulness.   By reason of the negligence of the conductor that gave the unpunched transfer to Marlett, he was wronged in being ejected from the car, but the wrong cannot be fairly characterized as a wilful or intentional wrong.   Disconnected from the act of the conductor who furnished the unpunched ticket, the action of Conductor Dyer was justifiable, and it cannot be made wilfully wrong by reason of the mere negligence of the conductor who failed to punch the ticket as required by the rules of the company.

Insult in doing a wrongful act may also furnish a ground for the imposition of exemplary damages, and appellee in his testimony, being asked what was the manner of the conductor, said: "I considered him very insulting." Yet, whether he was insulting or not must be determined by the jury, and not by the witness.   We have looked into the record in vain to find any element of insult in the language or conduct of the conductor. A case similar to this is *Pine* v. *St. Paul City R. R. Co.*, 50 Minn. Rep., 144.   We think the plaintiff is entitled to compensation for the negligent wrong done him, but not to punitive damages.

*Reversed and remanded.*