ILLINOIS CENTRAL RAILROAD COMPANY *v.* WILLIAM D. MOORE.

1. RAILROADS.  *Negligence.  Punitive damages.  Error of ticket agent.*

The error of a railway ticket agent in issuing a round-trip excursion ticket, so that the same would be void for return passage after a day prior to its issuance, is not such gross negligence as warrants the imposition of punitive damages, when the ticket was issued on a call involving great haste, and was taken from him by the purchaser while he was looking it over for the correction of errors.

2. SAME.  *Ejection from train.  Conductor.*

The ejection by a railroad conductor, in a proper manner, of one who fails to pay his fare, or to produce other evidence of his right to transportation than a ticket which has by its terms expired, and his statement that the agent who sold the ticket had by mistake made the date of its expiration prior to that of its issuance, while the true date of expiration was later than the day on which it was tendered, is not wrongful, and imposes no liability on the railway company disconnected with the mistake of its ticket agent.

FROM the circuit court of Lafayette county.

HON. P. H. LOWERY, Judge.

Suit by W. D. Moore against the Illinois Central Railroad Company to recover damages for his ejection from one of its trains. Moore lived at Taylors, a station on the appellant's road south of Oxford, and on February 26, 1900, desired to go to Memphis, Tenn., and to take advantage of excursion rates which the defendant company then had in force. He applied to the station agent at Taylors for a ticket, but was informed by him that he did not have the tickets.

He then bought a ticket to Oxford, and when the train he was on reached Oxford he got off, and went into the depot, and bought a return trip ticket to Holly Springs, Miss. The ticket was bought hurriedly, and was in the following form: "Excursion ticket from station named in margin—Holly Springs to Oxford. Void after 2-5, 1900." The ticket agent at Oxford testified that "on account of being in a hurry, and his hurrying me, it confused me, and I unintentionally wrote it '2-5,' instead of '3-5,'" as the date of the return part of the ticket, and that Moore took the ticket out of his hands while he was looking it over for the correction of errors. Moore used the ticket going north that morning, but on his return trip that night tendered the return part of the ticket to the conductor, who declined to take it, and told him he must pay his fare or get off. Moore explained to the conductor that it was the mistake of the ticket agent in dating the ticket, and that he had bought it that morning at Oxford, and offered to let the conductor retain his satchel as security for the fare if taken on to Oxford, and, if the ticket was not as represented, he would then pay the fare; but the conductor refused to do this, and Moore explained that he did not have the money to pay his fare. He was ejected from the car at the next station, the conductor's tone of voice being abrupt, and his manner firm, positive, and determined. The plaintiff's actual damages, according to his own testimony, did not exceed three dollars.

The jury were instructed for the plaintiff that, if they believed from the evidence that the conduct of the conductor was characterized by unnecessary rudeness and violence, or gross carelessness and willful wrong, they might find for plaintiff punitive damages, and refused defendant's request for an instruction to the effect that the plaintiff was only entitled to recover, if at all, damages to compensate him for his actual injuries, such as lost time, hotel bills, traveling expenses, etc., and also defendant's request for instructions predicated of

the conductor's right to eject plaintiff in a proper manner on the facts shown.

There was a verdict for plaintiff for $1,000 and judgment therefor. From that judgment defendant appealed.

*J. M. Dickinson* and *Mayes & Harris,* for appellant.

The plaintiff held an unstamped ticket void on its face, which the conductor was under no obligation to honor, and the predicament into which the plaintiff had gotten himself was as much attributable to his fault as to that of the ticket agent, if the ticket agent is to blame at all.

It is undisputed that he got off the car during the short stop at Oxford of only one minute, and, with full knowledge of the situation, hurried the ticket agent and actually took the ticket out of his hands before he had completed its inspection, and before he had stamped it. Certainly, under these conditions, the plaintiff cannot be heard to say that the ticket agent was all at fault, and that he (plaintiff) was blameless.

Railroad ticket agents are but human, after all, and their conduct must be judged by human standards; and, under the conditions testified to in this case, the ticket agent certainly was not to be blamed if he made an error in filling out the blanks of a ticket under whip and spur, as he was in this case. The appellee was entirely to blame for these conditions, and he should bear the consequences.

That the conductor was not bound to honor this ticket is no longer an open question in this state. In the case of *Mitchell* v. *Southern R. R. Co.,* 77 Miss., at p. 924, this court, through Calhoon, Judge, has said:

"On the question of his right to sue for the ejection, we are clearly of the opinion that it does not exist. To hold that it does, involves the logical conclusion that the conductor must accept any oral statement of a passenger, even merely that he had lost his ticket, and thus putting conductors to the alternative as accepting as true all statements, or subjecting their companies

to an action of damages. The Riley case, in 68 Miss., and the Holmes case, in 75 Miss., have carried the doctrine as far as it can be pressed within the danger line of injustice to railroad corporations. We approve both these cases, because in each of them the passenger had exhibited to the conductor evidence showing reasonably the statement to be true. Here there is nothing to support the oral statement but the mere production of the ticket, absolutely void on its face."

This is not only the law of this state, but the rule is in consonance with the overwhelming weight of authorities elsewhere. See *Lexington, etc., R. R. Co.* v. *Lyons, Ky.,* Ct. of App., May 31, 1898; *Willets* v. *Buffalo, etc., R. R. Co.,* 14 Barb., 585; *Woods* v. *Metropolitan R. R. Co.,* 48 Mo. App., 125; *Duke* v. *Great Western R. R. Co.,* 14 U. C. Q. B., 377; *Louisville, etc., R. R. Co.* v. *Fleming,* 14 Lea (Tenn.), 128; *Crawford* v. *Cincinnati, etc., R. R. Co.,* 36 Ohio State, 580; *Jerome* v. *Smith,* 48 Vermont, 231; *Downes* v. *New York, etc., R. R. Co.,* 36 Conn., 287; *Peabody* v. *Oregon R. R. Co.,* 21 Oregon, 121; *McKay* v. *Ohio River R. R. Co.,* 34 West Va., 65; *Shelton* v. *Lake Shore R. R. Co.,* 29 Ohio State, 214; *Townsend* v. *N. Y. Central, etc., R. R. Co.,* 56 N. Y., 295; *Beebe* v. *Ayres,* 28 Barb., 275; *Pease* v. *Del., etc., R. R. Co.,* 101 N. Y., 367; *Frederick* v. *Marquette, etc., R. R. Co.,* 37 Mich., 342; *Terre Haute, etc., R. R. Co.* v. *Vanattta,* 74 Am. Dec., 96; *Chicago, etc., R. R. Co.* v. *Griffin,* 68 Ill., 499; *Hall* v. *Memphis, etc., R. R. Co.,* 15 Fed. Report., 57; *Yorton* v. *Milwaukee, etc., R. R. Co.,* 54 Wis., 234; *Penn. R. R. Co.* v. *Cornell,* 112 Ill., 295; *Petrie* v. *Penn. R. R. Co.,* 42 New Jersey Law, 449; *Poulin* v. *Can. Pac. R. R. Co.,* 52 Fed. Rep., 197; *Rose* v. *Wilmington R. R. Co.,* 106 North Car., 168. See also 5 L R. A., pp. 819, 820, and 17 L. R. A., p. 802.

In *Riley* v. *Railroad Co.,* 68 Miss., 765, and in *Holmes* v. *Railroad Co.,* 75 Miss., 371, there were evidences offered corroborative of the statement of the passenger, which the court

held were reasonable and sufficient to be acted upon by the conductor.

In the case at bar there is not one circumstance which tends in any way to corroborate the statement of the plaintiff. In fact, everything contradicted his statement. The ticket on its face had expired, and, in addition to that, it was unstamped, nothing to show that it came from the railroad office in a lawful way, or when. There was no exhibition of any check, as in the Holmes case, and no exhibition of the stamp coupons, as in the Riley case. And in the case at bar there is no evidence whatever of any angry or insulting conduct on the part of the conductor which would make the manner of the ejection wrongful, and constitute an element for damages.

As before stated, the plaintiff certainly cannot recover in this case, even on the ground that there is a breach of contract, because he himself is responsible for the fact that his ticket was not properly filled out by the ticket agent.

In the case of *Drummond* v. *Railroad Co.,* 73 Miss., p. 819, the court said: "Under the circumstances disclosed in all the evidence, the action of the conductor was not improper. For the mistake of the ticket agent (and that it was a mistake no impartial mind can doubt), and the breach of the contract involved in that mistake alone, the appellee was entitled to no more than nominal damages."

But, if we are mistaken in all the foregoing, still this case must be reversed, because this is clearly not a case for the infliction of punitive damages, and the court erred in instructing the jury that punitive damages could be awarded. There is no evidence of any insult or any rudeness on the part of the conductor, or other agent of the company, which would justify the imposition of punitive damage *Vicksburg Railroad, etc., Co.* v. *Marlett,* 78 Miss., 872; *Illinois Central Railroad Co.* v. *Marlett,* 75 Ib., 956; *Illinois Central Railroad Co.* v. *Dorrah,* 65 Ib., 15; *Mitchell* v. *Southern Railway Co.,* 77 Ib., 924.

*James Stone* and *C. L. Sivley,* for the appellee.

While it is true, as a general proposition, that the ticket is some evidence of the contract entered into between a passenger and a railroad company, yet it is by no means the only evidence of his right to travel upon the train, and a conductor is not justified in ejecting a passenger because of an error in a ticket, if the passenger's explanation of the error is reasonable. A reasonable showing was made by plaintiff in this case, and the conductor ejected him at his peril. *Railroad Co.* v. *Riley,* 68 Miss., 765; *Railroad Co.* v. *Holmes,* 75 Miss., 371; *Mitchell* v. *Railroad Co.,* 78 Miss., 925. The instructions asked by the plaintiff are substantially the same as those approved in *Railroad Co.* v. *Riley, supra.*

The decision of this court in *Vicksburg Railroad, etc., Co.* v. *Marlett,* 78 Miss., 872, does not conflict with the principle expressed in the above cause, touching punitive damages, for the ticket which Marlett offered did not show any infirmity. The ticket here involved showed on its face that a mistake had been made.

Argued orally by *J. B. Harris,* for appellee.

TERRAL, J., delivered the opinion of the court.

It is a rule of law that every person is entitled to a remedy for his compensation for every injury to his person, reputation, or property, however inflicted by another person; and it also allows the jury to impose punitory damages. for such injuries as are done under circumstances of insult, malice, fraud, oppression, or willful wrong. *Storm* v. *Green,* 51 Miss., 103, 109; *Railroad Co.* v. *Scurr,* 59 Miss., 456 (42 Am. St. Rep., 373); *Manufacturing Co.* v. *Marlett,* 78 Miss., 872 (29 So. Rep., 62). Other authorities might be added, but are omitted, because we know of no broader rule, anywhere advanced, than the one here stated.

In the case here before us we find none of the elements that authorize their imposition by the jury, and they should have been so instructed. The most that can be said of the act of the ticket agent at Oxford is that he was negligent in the issuance of the ticket sold to appellee, and his negligence, if any, was of the slightest sort; for he states, and it is not disputed, that after writing the ticket, and while looking it over, as was his custom, in order to be sure of its correctness, it was taken from his hand by appellee, as the train was starting on its trip, and that the mistake in the ticket occurred on account of the sudden and unexpected hurry in its issuance, and to his evident regret, as his subsequent conduct shows. A negligence so gross as to evince a reckless disregard of consequence is also said to be a ground for authorizing the imposition of punitory damages (59 Miss., 461); but that sort of negligence cannot be fairly said to characterize the action of the agent in this case. And there was nothing in the act of the conductor of the train from which he was ejected that justified the infliction of exemplary damages. He simply executed the rules of the company, as it was his duty to it to do. The appellee was entitled to recover only his actual damages.

For the error of the court in the instructions, as indicated, and in refusing a new trial, the judgment is reversed, and the case is remanded.

*Reversed and remanded.*