CARVEY *v.* DETROIT & MACKINAC RAILWAY CO.

CARRIERS—EJECTION OF PASSENGER—TICKETS—CUSTOM—EVIDENCE.
    Where, in an action by a passenger for being ejected from a train, it appears that he presented a ticket which, on its face, entitled him to ride, defendant cannot show that it was the custom to issue such tickets for certain days only, and that published notice had been given accordingly, in the absence of any proof of knowledge of such limitation by the passenger or the purchaser of the ticket.

Error to Bay; Shepard, J. Submitted June 10, 1903. (Docket No. 54.) Decided June 30, 1903.

Case by Edna Carvey, by next friend, against the Detroit & Mackinac Railway Company, for a wrongful ejection from a train. From a judgment for plaintiff, defendant brings error. Affirmed.

*T. A. E. & J. C. Weadock,* for appellant.
*Pierce & Kinnane,* for appellee.

MONTGOMERY, J.   This is an action in which the plaintiff recovered damages for being ejected from the defendant's car.   The evidence discloses that she boarded the defendant's regular passenger train at Bay City on the 27th of December, 1901, and presented the following ticket:

The conductor refused to receive the ticket, and compelled her to alight, and she was obliged to walk back to her home, following the track, and carrying a heavy valise.

No question is made that this ticket, on its face, showed the plaintiff entitled to a ride on the train in question, but it was sought to show that it had been the custom of this railroad company and others to issue holiday tickets, good on the 24th and 25th of December for a going passage, and good to return until January 2d, and likewise tickets good to go on December 31st and January 1st, and good for a return on January 2d, and that published notices that such tickets would be on sale were given.   It was sought to limit the contract which the ticket imported by this testimony.

The undisputed testimony in the case shows that the

person who purchased the ticket had no knowledge of this advertisement, or of any limitation of the ticket; nor was there any proposition to bring home definite notice to either the plaintiff or the purchaser of the ticket of any such limitation by custom.    The testimony was rightly excluded.    See *Keen* v. *Railway*, 123 Mich. 247 (81 N. W. 1084); *Hufford* v. *Railroad Co.*, 64 Mich. 631 (31 N. W. 544, 8 Am. St. Rep. 859); *Frederick* v. *Railroad Co.*, 37 Mich. 342 (26 Am. Rep. 531); 3 Thomp. Neg. § 2552.

Judgment will be affirmed, with costs.

The other Justices concurred.