THOMAS E. NORTON vs. THE CONSOLIDATED RAILWAY COMPANY.

Third Judicial District, Bridgeport, April Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A passenger upon a street-railway car must either pay his fare or tender a transfer ticket which upon its face entitles him to ride over that particular line.

The negligence or mistake of a conductor upon another line in giving the passenger a wrong transfer ticket, enables the latter to sue the company for a breach of contract, but does not give him the right of passage over any other line than that indicated on the transfer ticket, nor a right of action against the company for such reasonable force as may be necessary to expel him from a car on another line if, upon request, he refuses either to pay his fare or leave the car peaceably.

Argued April 11th—decided June 5th, 1906.

ACTION to recover damages for an alleged assault by the defendant's servant in attempting to eject the plaintiff from one of the defendant's street-railway cars, brought to and heard in damages by the Court of Common Pleas in New Haven County, *Ullman, J.;* facts found and judgment rendered for the plaintiff for $200, and appeal by the defendant. *Error; cause remanded for assessment of nominal damages.*

*George D. Watrous* and *Henry F. Parmelee,* for the appellant (defendant).

*Benjamin Slade,* for the appellee (plaintiff).

HALL, J. The complaint alleges that the defendant is a common carrier of passengers by an electric street-railway, and that on the day named, while the plaintiff was lawfully riding as a passenger in one of defendant's cars and had paid his fare for transportation to Winchester Avenue

in the city of New Haven, he was unlawfully assaulted by the conductor of the car in attempting to forcibly remove him from the car.

As appears from the finding of facts, the plaintiff and his wife, who resided on Winchester Avenue and were accustomed to ride upon the street cars in the city, and were familiar with the manner in which they were operated and with the defendant's system of giving transfers from one line to another, were, during the evening of August 25th, 1905, passengers on an electric street car of the Savin Rock line, operated by the defendant, upon which line transfer tickets are given to passengers desiring to be transferred to another of the defendant's lines, the names of which are printed upon the transfer tickets, and among which are the Winchester Avenue and the State Street lines. Upon such transfer tickets are also printed : " Not good except at transfer points, and in the direction indicated on first car after time cancelled."

While on the Savin Rock car the plaintiff paid the fare and requested transfers to the Winchester Avenue line, which connects with the Savin Rock line at the corner of Church and Chapel streets, and from said corner runs westerly along Chapel Street. In delivering a transfer to a passenger, the conductor punches or perforates it opposite one of the names of lines printed upon it, in such a manner as to indicate upon which line it may be used. The transfers delivered to the plaintiff by the conductor of the Savin Rock car were not punched opposite the name of the line " Winchester Ave.," but were punched opposite the name of the line " State St.," and so as to indicate that the passenger presenting it was entitled to ride upon a car on the State Street line only, which line, from the corner of Church and Chapel streets, extends northerly along Church Street.

The plaintiff and his wife left the Savin Rock car at the corner of Church and Chapel streets and entered the first Winchester Avenue car which passed, and upon presenting to the conductor on that car said two transfers was in-

formed by him that they were not good because they were punched for State Street. The plaintiff stated to the conductor that they had just alighted from a Savin Rock car and had asked the conductor of that car for Winchester Avenue transfers, and that it was not his fault that that conductor had made a mistake, and upon repeated requests refused to either pay his fare or leave the car. The conductor thereupon attempted to remove the plaintiff from the car by force, using no more force than was necessary and reasonable therefor, but desisted from such attempt after the plaintiff resisted such removal.

Upon these facts the trial court held that the plaintiff was lawfully riding upon the Winchester Avenue car, and had the right to resist the attempt to expel him therefrom upon his refusal to pay his fare ; that the conductor was not justified in attempting to expel the plaintiff, and that he unlawfully assaulted him ; and rendered judgment for the plaintiff for $200 as substantial damages.

This is an action to recover damages for the alleged tort of the defendant's servant in attempting to forcibly eject the plaintiff from the car, and not for the recovery of damages for a breach of the contract of carriage made by the plaintiff and defendant. The defendant justifies the attempted expulsion of the plaintiff upon the ground that the latter unlawfully persisted in remaining and riding in the car, without either paying his fare or producing a transfer ticket purporting to entitle him to ride in that car; and that no unreasonable force was used in the attempt to remove him.

As it is found that no unnecessary force was employed, the case must turn upon the question of whether, upon the facts stated, the plaintiff had the right to insist upon being carried upon the transfer ticket which he presented, and to forcibly resist the conductor's attempt to expel him.

The plaintiff contends that though the transfer check may have been prima facie evidence of a different contract of carriage, yet the facts show that when he paid his fare to the conductor upon the Savin Rock car and requested

of him a transfer to Winchester Avenue, the real under-
taking of the defendant was to carry him by a Winchester
Avenue car; and that having informed the conductor of
the Winchester Avenue car of these facts, and of the mis-
take of the conductor of the Savin Rock car in wrongly
punching the transfer, he was entitled to be carried upon
the Winchester Avenue car.

In the absence of any statutory or other express provi-
sion or regulation defining the contract of carriage between
electric street-railway companies, and the rights of their
passengers in cases like the present, they must be ascer-
tained by considering all the circumstances indicating the
intention and understanding of both parties, including not
only what is required for the reasonable safety, convenience
and comfort of passengers, but what is reasonably neces-
sary to enable the company to properly perform the func-
tions for which it was created, and what the known and
reasonable rules of the company are with reference to which
the parties are presumed to have contracted.

There are certain facts and established rules connected
with the operation of electric street-railways, which in
these days are familiar to every person of ordinary intel-
ligence who has occasion to ride on them, and which are
to be regarded in determining what the real contract of car-
riage is in a case like the present one.   Among them are
these: that the mere payment of the ordinary fare in a
street car does not of itself, as upon a steam railroad, in-
dicate the destination of the passenger, nor suggest that
he desires transportation by another line and upon another
car; that a passenger upon one line desiring to be trans-
ferred to another, operated by the same company, must
pay his cash fare on the first car; that upon such payment
he will be carried, in that car, to the point of transfer to
the second line; that before leaving the first car he must
obtain from the conductor of it a ticket indicating upon
its face his right to take passage upon a car of the second
line; that as to the conductor upon the second car, the
person receiving such transfer ticket enters that car like

Norton v. Consolidated Ry. Co.

all other passengers taking the car at that point, and will not be permitted to ride unless he either pays his fare or presents a proper transfer; that it is the office of the conductor of the second car to determine the right of the passenger to ride upon that car, and that upon the presentation of a transfer ticket, the ticket itself is the only evidence of such right which the conductor can properly accept.

In our opinion the facts fail to show that when, on the Savin Rock car, the plaintiff paid his fare and asked for a transfer to Winchester Avenue, the defendant undertook, absolutely, to carry him upon a Winchester Avenue car even if he failed to either pay his fare or present a proper transfer ticket on that car. They show that the real contract of the defendant was to carry the plaintiff, upon the first car, to the proper point of transfer to the second line; to furnish him a proper transfer ticket to entitle him to a passage on a car of the second line; and to carry him upon that line, upon the presentment of such transfer or the payment of his fare to the conductor of the second car.

Through the carelessness of its servant, in not giving the plaintiff the transfer ticket which he asked for, the defendant failed to perform its contract. For such breach of contract the plaintiff would have been entitled to compensation for the loss or injury, had there been any, which necessarily followed from the defendant's failure to furnish him a proper transfer ticket. His remedy for such breach of contract was not to refuse to pay his fare and to forcibly resist being expelled from the car. As the transfer ticket which he presented did not even purport to authorize him to ride on a Winchester Avenue car, the conductor of that car, notwithstanding the plaintiff's explanation of the mistake, was justified in refusing to accept it, and in requiring him to pay his fare or leave the car; and after the demands made by the conductor it became the plaintiff's duty to either pay his fare or peaceably leave the car. *Downs* v. *New York & N. H. R. Co.*, 36 Conn. 287, 291; *Havens* v. *Hartford & N. H. R. Co.*, 28 id. 69,

88; *Bradshaw* v. *South Boston R. Co.*, 135 Mass. 407; *Dixon* v. *New England R. Co.*, 179 Mass. 242, 60 N. E. 581; *Crowley* v. *Fitchburg & L. Street Ry. Co.*, 185 Mass. 279, 70 N. E. 56; *Thorp* v. *Concord R. Co.*, 61 Vt. 378, 17 Atl. 791; *Monnier* v. *New York C. & H. R. R. Co.*, 175 N. Y. 281, 67 N. E. 569; *Kiley* v. *Chicago City Ry. Co.*, 189 Ill. 384, 59 N. E. 794; *Pennsylvania R. Co.* v. *Connell*, 112 Ill. 295; *Brown* v. *Rapid Ry. Co.*, 134 Mich. 591, 96 N. W. 925; *Keen* v. *Detroit Electric Railway*, 123 Mich. 247, 81 N. W. 1084; *Frederick* v. *Marquette, H. & O. R. Co.*, 37 Mich. 342; *Pine* v. *St. Paul City Ry. Co.*, 50 Minn. 144, 52 N. W. 392; *Western Maryland R. Co.* v. *Schaun*, 97 Md. 563, 55 Atl. 701; *Western Maryland R. Co.* v. *Stocksdale*, 83 Md. 245, 34 Atl. 880; *McKay* v. *Ohio River R. Co.*, 34 W. Va. 65, 11 S. E. 737; *McGhee* v. *Reynolds*, 117 Ala. 413, 23 So. 68.

A rule requiring the expulsion from a car of a passenger who refuses to either pay his fare or produce a ticket showing his right to ride on such car is a reasonable one; *Downs* v. *New York & N. H. R. Co.*, 36 Conn. 287, 291; *Havens* v. *Hartford & N. H. R. Co.*, 28 id. 69, 88; *Townsend* v. *New York C. & H. R. R. Co.*, 56 N. Y. 295; *Shelton* v. *Lake Shore & M. S. Ry. Co.*, 29 Ohio St. 214; and one which, from the fact that it is so general with carriers, as well as from the facts found in this case, was evidently well known to the plaintiff.

In ascertaining whether the plaintiff was entitled to ride on the Winchester Avenue car, it was not the duty of the conductor of that car to accept the statement made to him by the plaintiff that the mistake in his transfer was the fault of the conductor of the Savin Rock car. *Townsend* v. *New York C. & H. R. R. Co.*, 56 N. Y. 295; *Downs* v. *Hartford & N. H. R. Co.*, 36 Conn. 287, 291. As between the second conductor and the plaintiff, the transfer ticket was conclusive as to the latter's right to be carried as a transferred passenger upon the Winchester Avenue car. "As between the passenger and the conductor of the car in which he is, the terms of the ticket or check are conclu-

sive, and the right to ride upon it on that train is, for the time being, to be determined accordingly." Baldwin on American Railroad Law, p. 292; *Mosher* v. *St. Louis, I. M. & S. Ry. Co.*, 127 U. S. 390, 8 Sup. Ct. Rep. 1324; *Poulin* v. *Canadian Pac. Ry. Co.*, 3 C. C. A. 23, 52 Fed. Rep. 197; and cases above cited.

There is a conflict of authorities in other jurisdictions upon the questions of the conclusive character of such a ticket, as between the passenger offering it and the conductor to whom it is presented; of the terms of the contract of carriage; and of the right of the passenger to forcibly resist expulsion in cases like the present one. In the case of *Indianapolis Street Ry. Co.* v. *Wilson*, 161 Ind. 153, 66 N. E. 950, 67 N. E. 993, decided in 1903, in which the claims of the present plaintiff are sustained by the majority opinion, these questions are very ably discussed and the authorities fully cited upon both sides. In our view the dissenting opinion of Judge Gillett, in which Judge Monks concurred, is sustained by the better reasons and by the greater weight of authority.

Our conclusion is that the plaintiff, having by his own wrongful conduct invited the use of force, cannot now complain of the use by the defendant of reasonable force in the attempt to remove him from the car.

The trial court erred in holding that the plaintiff was entitled to substantial damages.

There is error, and the case is remanded for the assessment of nominal damages.

In this opinion the other judges concurred.