[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #108
The plaintiff, Carl Carlson, filed a complaint against the defendants, Fred Yale and Henry Mondshein, on March 30, 1999. The plaintiff alleges that the defendants owe the plaintiff money for construction work performed at the defendants' gym and that the defendants "acknowledged this indebtedness, accepted the work performed by the plaintiff, and agreed to pay said amounts on or before September 19, 1998." The defendants paid the first payment of $24,000 but have not paid the second payment of $6,000. The plaintiff further alleges that "any payments made after September 19, 1998 would carry interest at the rate off one and a half percent per month and legal fees connected with the recovery of the money owed." The defendant filed an answer denying these allegations on January 18, 2000.
The plaintiff now moves for summary judgment on the ground that there is no genuine issue of material fact and he is entitled to judgment as a matter of law. The plaintiff submitted an affidavit and an agreement dated August 19, 1998, as evidence. The defendants object, arguing that there are genuine issues of material fact that need to be adjudicated and submit an affidavit in support of their argument.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Riverav. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, CT Page 7688 578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., supra, 248 Conn. 24. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, supra,252 Conn. 201. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
The August 19, 1998 agreement, in its entirety, is as follows:
"Upon signing this document becomes legal and binding.
1. A payment of $24000.00 is due August 19, 1998.
2. A second payment of $6000.00 is due September 19, 1998.
 3. Any expenses incurred in the way of returned check fees or legal fees in recovering this money will be paid by Henry Mondshein and Fred Yale.
 4. After the above dates interest on the unpaid balance will be charged at the rate of 1.5% per month.
 5. The above parties agree the condition of this project when received on August 14, 1998 was received in good condition. The above parties agree to assume all responsibility for the condition of this project after August 14, 1998. The above parties also agree that the condition of this project was consistent with the photographs taken on August 14, 1998."
This document was signed by Mondshein for both himself and Yale. (Plaintiff's Affidavit, ¶ 7.)
The plaintiff argues that, according to the agreement, the defendants agreed to pay a balance of $6,000 due on September 19, 1998, and that CT Page 7689 "the defendants accepted the work as performed and agreed that it was in good condition." In response, the defendants argue that they "dispute that all of the work was completed as contracted" and that, "soon after that [August 19, 1998] agreement was entered into, Defendants noted numerous problems with Plaintiff's work and believed that either Plaintiff had misrepresented the quality of the work he performed and that, therefore, there was no agreement or that Plaintiff's breach justified Defendants' refusal to make the September 1998 payment." The defendants argue that they "do not agree that the purported August 19, 1998 Agreement resolved all issues between the parties. Rather, the Defendants believed that they could withhold part or all of the September 19, 1998 payment owed pursuant to that August 19, 1998 Agreement if the work was determined to be unsatisfactory." The defendants argue that this disagreement with the meaning of the contract "shows that there is a legitimate material issue of fact that must be adjudicated."
For the defendants to support their argument that the agreement did not resolve all issues between the parties, they would have to bring in parol evidence, that is "evidence outside the four corners of the contract concerning matters governed by an integrated contract." HLO LandOwnership Associates Ltd. Partnership v. Hartford, 248 Conn. 350, 358,727 A.2d 1260 (1999)." [A]s we have so often noted, the parol evidence rule is not a rule of evidence, but a substantive rule of contract law. . . . The rule is premised upon the idea that when the parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed, that the whole engagement of the parties, and the extent and manner of their understanding, was reduced to writing. After this, to permit oral testimony, or prior or contemporaneous conversations, or circumstances, or usages [etc.], in order to learn what was intended, or to contradict what is written, would be dangerous and unjust in the extreme." (Citations omitted; internal quotation marks omitted.) Id., 357-58.
"The parol evidence rule does not of itself, therefore, forbid the presentation of parol evidence, that is, evidence outside the four corners of the contract concerning matters governed by an integrated contract, but forbids only the use of irrelevant. When offered for that purpose, it is inadmissible not because it is parol evidence, but because it is irrelevant. By implication, such evidence may still be admissible if relevant (1) to explain an ambiguity appearing in the instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in a writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud. . . . These recognized exceptions are, of course, only examples of situations where the evidence (1) does not vary or contradict CT Page 7690 the contract's terms, or (2) may be considered because the contract has been shown not to be integrated; or (3) tends to show that the contract should be defeated or altered on the equitable ground that relief can be had against any deed or contract in writing founded in mistake or fraud." (Citation omitted; internal quotation marks omitted.) Id., 358-59.
The terms of the agreement state that "[u]pon signing this document becomes legal and binding." It further states that "[t]he above parties agree the condition of this project when received on August 14, 1998 was received in good condition." The defendants argue that the plaintiff breached the contract and performed deficient work and they therefore do not need to pay the plaintiff. The defendants also argue that there is a disagreement over the meaning of the contract. They argue that they believed that they did not need to pay if the work was determined to be unsatisfactory. These arguments, however, contradict the terms of the contract, which are clear and unambiguous. "Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Citations omitted; internal quotation marks omitted.) HLOLand Ownership Associates Ltd. Partnership v. Hartford, supra,248 Conn. 357. Furthermore, the defendants may not offer evidence to vary or contradict the terms of the contract. "Parol evidence offered solely to vary or contradict the written terms of an integrated contract is, therefore, legally irrelevant." (Internal quotation marks omitted.) HLOLand Ownership A. Ltd. v. Hartford, supra, 248 Conn. 358. The court holds that the evidence the defendants seek to offer is parol evidence that would vary or contradict the terms of the contract and is therefore inadmissible.
The defendants also argue mistake or fraud by arguing that they "believed that . . . Plaintiff had misrepresented the quality of the work he performed . . . ." The defendants' argument that the plaintiff breached the contract first and they therefore did not need to pay is without merit. The defendants have the option of either rescinding the contract or claiming damages for the breach of the contract, which they have not done. Kim v. Magnotta, 49 Conn. App. 203, 223, 714 A.2d 38
(1998), rev'd on other grounds, 249 Conn. 94, 733 A.2d 809 (1999). The remedy is not to refuse payment. Norton v. Consolidated Railway Co.,79 Conn. 109, 113, 63 A. 1087 (1906).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts . . . . and the party opposing such a motion must provide an evidentiary foundation to CT Page 7691 demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., supra, 248 Conn. 24. By presenting the agreement, the plaintiff has met his burden. The burden is now on the defendants to demonstrate that a genuine issue of material fact exists and they must do so by providing an evidentiary foundation. Id. The only evidence that the defendants offer is an affidavit that contradicts the clear and unambiguous terms of the contract. As such it is inadmissible. See HLOLand Ownership A. Ltd. v. Hartford, supra, 248 Conn. 358. The contract contains no terms providing that the defendants did not need to pay if they were unhappy with the work performed. The defendants have not provided an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.
The defendants, by way of affidavit, also state that they believed that the plaintiff must assume responsibility for deficiencies in the work because of the following sentence in the agreement: "The above parties agree to assume responsibility for the condition of this project after August 19, 1998." This argument is unavailing. The sentence immediately preceding this sentence states that "[t]he above parties agree the condition of this project when received on August 14, 1998 was received in good condition." Based on the entirety of the document, the phrase "the above parties" refers to the defendants, who are the only parties listed "above," and does not include the plaintiff.
The court holds that the terms of the agreement are clear and unambiguous. The court further holds that the evidence the defendants seek to admit would vary or contradict the clear terms of the contract. As such, it is parol evidence that is inadmissible. The plaintiff's motion for summary judgment is therefore granted.
The Court
By Nadeau, J.