YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* WILLIAM RODGERS.

RAILROADS. *Passenger. Refusal to carry. Ticket.*

>The refusal of the conductor of a fast railway train to accept as a passenger, one whose destination is a station at which his train is not scheduled to stop, imposes no liability on his company, when the ticket tendered him did not entitle the holder to passage on that train, although there be testimony that the company's agent sold the ticket as one good on any passenger train.

FROM the circuit court of Sharkey county.

HON. GEORGE ANDERSON, Judge.

Rogers, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court. The opinion states the case.

*Mayes & Harris,* for appellant.

The plaintiff claimed that there was a special contract which entitled him to return on any regular train of the defendant, including train No. 6. This statement is contradicted by the station agent, who testifies the contract was to return on any local train. No. 6 was shown by the defendant's witnesses not to have been a local train.

On the question of punitive damages, the plaintiff testifies to insulting language used by the conductor. He testifies, further, that he was insisting that the conductor should allow him to return on that train because his wife was sick. The conductor details what occurred, and the conductor's statement is conflicting with that of the plaintiff in every particular. The conductor stated there were several negroes who wanted to go back, and that he declined to take them. He says nothing whatever of any statement having been made to him of a sick wife, or of any language having been used by him to the plaintiff. Undoubtedly, if the testimony of the conductor was true, and the jury had a right to pass upon it, there was nothing in it entitling the plaintiff to punitive damages, as there was no insult or anything connected with it to wound the plaintiff's sensibilities.

The third instruction given for the plaintiff does not correctly announce the law. For this error we respectfully submit the judgment of the court below should be reversed. It is settled in this state that a railroad company has a right to run fast through trains which do not stop at all stations, and that a railroad company has a right, in the absence of any special

contract to the contrary, to exclude persons from its trains who are destined to stations at which the train does not stop. *Humphries* v. *Illinois, etc., R. R. Co.,* 70 Miss., 453.

In other words, this is a reasonable regulation. And it makes no difference that the holder of a ticket at the time he purchases it is not aware that the particular train on which he applies for passage does not stop at his station; the railroad company has a right to decline to carry him on a train which does not stop at his station, in the absence of special circumstances, as shown in the case which we have referred to above. This is true, notwithstanding the fact that the party does not know at the time he purchases the ticket that the train on which he undertakes to take passage does not stop at his station. According to the testimony for the defendant, nothing was done to mislead the plaintiff.

A railroad company has a right to establish reasonable regulations for the proper and safe conduct of its business, and parties dealing with it must take notice of and conform to them. *Southern Railroad Co.* v. *Kendrick,* 40 Miss., 374 (2 Am. & Eng. R'y Cases, N. S., 23). The instructions asked for the defendant were improperly refused. They correctly announce the law. *Sira* v. *Wabash R. R. Co.,* Sup. Ct. Mo., Mch. 3, 1893; 2 Woods Railway Law, sec. 355; *Logan* v. *Railway Co.,* 77 Mo., 664; *Marshall* v. *Railway Co.,* 78 Mo., 610; *Lake Shore, etc., R'y Co.* v. *Pierce,* 3 Am. & Eng. R'y Cases, 340.

*McLaurin & Clements,* for appellee.

There are three questions involved in this case.

1. Has the ticket agent the authority to bind the company?

2. Was there a special contract between appellant and appellee?

3. Is this a case for punitive or exemplary damages?

First. Under the first proposition, as to the agent's authority to bind the principal in a case of this kind, see *Wells* v. *A. G. S. R. R. Co.,* 67 Miss., 24; *Maroney* v. *Old Colony & Newport*

*R'y Co.,* 106 Mass., 153 (8 Am. Rep., 305); *Murdock* v. *Boston & Albany R. R. Co.,* 137 Mass., 293 (50 Am. Rep., 307); *Hufford* v. *G. R. & I. R. R. Co.,* 64 Mich., 631 (8 Am. St. Rep., 859); *Eddy* v. *Harris,* 78 Tex., 661; *Dye* v. *V. M. R. Co.,* 9 Mackey (D. C.), 63.

Second. Was there a special contract between appellant and appellee in this case? Four witnesses for the plaintiff testify that the agent of appellant, Mr. Joseph, made the representations to appellee as stated. Mr. Joseph, as a witness for appellant, does not say that he did not make the said representation. He says, "He could not recollect whether he did or did not." So upon the undisputed evidence introduced, the learned circuit judge was eminently correct in giving the peremptory instruction on the contract.

Now in regard to appellant's refused instructions, according to the uncontradicted testimony, appellee purchased his ticket on the special contract between him and the agent of appellant that he should be allowed to return within the four days' limit, on any passenger train of appellant without restriction, no exception being made of train designated as No. 6, and appellee, under this contract, had a right to believe that the regular schedule of No. 6 had been abandoned during the time limit of said ticket.

Again, in our opinion, it mattered not if appellee did know that No. 6 was not scheduled to stop at Egrement. The conductor thereon had no right to insult him, or harshly treat him, when he got on said train at Vicksburg, and by his so doing the appellant was made liable in punitive damages.

Again, the regular schedule of train No. 6 cuts no figure in this case, as the plaintiff's right is a matter entirely controlled by the special contract.

Third. Is this a case for punitive damages? It is a too well settled a principle to be disputed that knowledge of the rules and regulations of the railroad company must be brought home to the party for him to be bound thereby. See decisions above

cited. There is no evidence to show such knowledge by appellee in this case. He did not know, nor is he required to know, the rules and regulations of the appellant governing its agents, trains, etc.

The insult and harsh treatment of appellee by the conductor when he got on said train, and the gross negligence and willful wrong of appellant, clearly entitled appellee to punitive damages. *Memphis, etc., R. R. Co.* v. *Whitfield,* 44 Miss., 466.

Argued orally by *J. B. Harris,* for appellant.

TERRAL, J., delivered the opinion of the court.

William Rodgers, residing at Egremont, bought there in March, 1898, an excursion ticket to attend Mardi Gras at Vicksburg and return. At midnight of the second day he applied to Conductor Howard, of No. 6 (a fast train, not scheduled to stop at Egremont), for return passage, and said conductor refused to take him, because his train was not scheduled to stop at Egremont. Rodgers returned home the next day upon his round-trip ticket, and sued the defendant company, and, by a peremptory instruction, recovered $250, from which judgment the company appeals.

As a predicate for his recovery, he alleged and proved by himself and others that Joseph, the Egremont station agent, told him the ticket would be good on any passenger train, and that when Conductor Howard told him that he could not take him on his train, he offered him twenty-five cents extra to carry him to Egremont, and, Howard declining that offer, he and others offered Howard fifty cents to take them to Egremont, and that Howard declining that offer for the reason first given, Rodgers told him that his wife was sick, and Howard replied: "D—n your wife! I cannot take you." Now, Joseph testified that he told Rodgers his ticket would be good to return on any regular train (meaning a train that stopped at Egremont), but did not tell him that he could return on No. 6, which did not

stop there. The record discloses that Rodgers' ticket was not good on Howard's train, and it must be evident that Howard was justified in refusing him a passage on his train. His refusal to take him was no ground for the imposition of exemplary damages. The company should have had a peremptory instruction in its favor. *Vicksburg, etc., Co.* v. *Marlett,* 78 Miss., 872, s.c., 29 So., 62.

*Reversed and remanded.*