ILLINOIS CENTRAL RAILROAD COMPANY *v.* JOSEPH HARRIS.

1. RAILROADS. *Passengers. Return trip tickets. Rights under. Fast trains.*
   A round trip railroad ticket, good for a return trip only on the day of its issuance, entitles the purchaser to return on the only train returning that day, although the train is not scheduled to stop at the station where the ticket was sold.

2. SAME. *Evidence. Statement of ticket agent. Terms of ticket.*
   Conversations between a railroad ticket agent and the purchaser of a ticket cannot deprive the purchaser of his rights under the terms of the ticket.

3. SAME. *Flagman.*
   Conversations between a railroad flagman and a passenger cannot deprive the passenger of his rights under the terms of his ticket.

FROM the circuit court of, first district, Hinds county.

HON. ROBERT POWELL, Judge.

Harris, the appellee, was plaintiff and the railroad company, appellant, was defendant in the court below. From a judgment in plaintiff's favor defendant appealed to the supreme court. The opinion states the facts of the case.

The instructions which were asked by defendant, and which were refused, are as follows:

"9. If the jury believe from the evidence that Joe Harris agreed to get off at Tougaloo, or was warned that said train No. 26 would not stop at Ridgeland, and that he would have to get off at Tougaloo, and then went on and refused to get off at that place, and failed or refused to pay fare from Tougaloo to Madison, he was not a passenger from Tougaloo to Madison,

and the railroad company was under no obligation to him except not to wantonly and maliciously injure him.

"13. If the jury believe from the evidence that train No. 26 was not scheduled to stop at Ridgeland under the rules of the company, and was not in the habit of doing so, it was the duty of the plaintiff, before taking the train, to use due diligence to inform himself whether his ticket entitled him to have the train stopped at Ridgeland or not; and, if they further believe from the evidence that he failed to exercise such diligence, or that he got on the train knowing it did not stop at Ridgeland, and that he refused to pay the customary additional fare from Ridgeland to Madison, and was ejected by the conductor without personal abuse and without unnecessary violence, they must find for the defendant."

*Mayes & Harris* and *J. M. Dickinson*, for appellant.

The court below evidently entertained the view that, if the agent at Ridgeland sold the plaintiff a round trip ticket, the plaintiff had a right to have the train stop at Ridgeland, notwithstanding the circumstances under which the ticket was sold, and notwithstanding the fact that the ticket was purchased by the plaintiff with full knowledge that the train would not stop for Ridgeland. This will be seen by reading the instructions in the case both given and refused for plaintiff and defendant.

We think, under repeated decisions of this court, this was an erroneous view of the law, and for the refusal of the ninth and thirteenth instructions asked by the defendant, the judgment of the court below should be reversed and a new trial awarded, because the effect of the instructions given was tantamount to peremptory instructions to find for the plaintiff in some amount.

The case of *Yazoo, etc., R. R. Co.* v. *Rodgers*, 80 Miss., 200, is analogous to the case at bar, and announces the principle for which the defendant contends.

81 Miss.—14

In the *Rodgers case*, Rodgers had purchased a round trip ticket from Egremont to Vicksburg and attempted to return on No. 6, a train not scheduled to stop at Egremont, and when he sought to take passage on the train, the conductor refused to allow him to board the train. Rodgers testified that the ticket agent at Ergemont had told him, when he purchased his ticket, that he could return on any regular train. Rodgers stated this to the conductor, yet the conductor refused to allow him to take passage on the train, and Rodgers brought suit and recovered judgment in the lower court for $200, and this court, in reversing the judgment of the lower court, held that there should have been a peremptory instruction in favor of the railroad company, citing *Vicksburg Ry. Co.* v. *Marlett*, 78 Miss., 872.

The principle contended for in the case at bar is also set forth in the case of the *Illinois, etc., R. R. Co.* v. *Moore*, 79 Miss., 766. In that case, Moore had purchased a round trip ticket from Oxford to Holly Springs, and the agent, by mistake, in a hurry attending to the purchase, misdated it, and he was ejected by the conductor, and this court held that the conductor was authorized to eject him.

See, also, *Mitchell* v. *Southern R. R. Co.*, 77 Miss., 914.

The right to eject one who is wrongfully on a train, or who holds a ticket to a point at which the train does not stop, is not only firmly settled in this state, but also by the overwhelming weight of authority elsewhere.

See *Railroad Co.* v. *Gants*, 38 Kan., 68; 17 L. R. A., 802, which are cases almost directly in point.

As bearing on the general principle, see the following cases: *Lexington, etc., R. R. Co.* v. *Lyons*, Ky. Ct. of App., May 31, 1898; *Willets* v. *Buffalo, etc., R. R. Co.*, 14 Barb., 585; *Woods* v. *Metropolitan R. R. Co.*, 48 Mo. App., 125; *Duke* v. *Great Western R. R. Co.*, 14 U. C. Q. B., 377; *Louisville, etc., R. R. Co.* v. *Fleming*, 14 Lea (Tenn.), 128; *Crawford* v. *Cincinnati, etc., R. R. Co.*, 36 Ohio St., 580; *Jerome* v.

*Smith*, 48 Vt., 231; *Downes* v. *New York, etc., R. R. Co.*, 36 Conn., 287; *Peabody* v. *Oregon R. R. Co.*, 21 Or., 121; *McKay* v. *Ohio River R. R. Co.*, 34 W. Va., 65; *Shelton* v. *Lake Shore R. R. Co.*, 29 Ohio St., 214; *Townsend* v. *N. Y. Central, etc., R. R. Co.*, 56 N. Y., 295; *Beebe* v. *Ayers*, 28 Barb., 275; *Pease* v. *Delaware, etc., R. R. Co.*, 101 N. Y., 367; *Frederick* v. *Marquette, etc., R. R. Co.*, 37 Mich., 342; *Terre Haute, etc., R. R. Co.* v. *Nanatta*, 74 Am. Dec., 96; *Chicago, etc., R. R. Co.* v. *Griffin*, 68 Ill., 499; *Hall* v. *Memphis, etc., R. R. Co.*, 15 Fed. Rep., 57; *Yorton* v. *Milwaukee, etc., R. R. Co.*, 54 Wis., 234; *Pennsylvania R. R. Co.* v. *Cornell*, 112 Ill., 295; *Petrie* v. *Pennsylvania R. R. Co.*, 42 N. J. Law, 449; *Poulon* v. *Can. Pac. R. R. Co.*, 52 Fed. Rep., 197; *Rose* v. *Wilmington R. R. Co.*, 106 N. C., 168.

It is settled in this state that a railroad company has a right to run through trains, or trains which do not stop at all stations. *Humphries* v. *Illinois, etc., R. R. Co.*, 70 Miss., 453.

*Alexander & Alexander*, for appellee.

We do not controvert the accepted law that where a passenger boards a through train, which, according to the rules and regulations of the company, does not stop at the station for which he holds a ticket, he cannot demand to be taken there on that train. But where the company allows its authorized agent to keep for sale and sell return tickets for return on a train known as the local passenger, and which is not scheduled to pass the point of destination of ticket without stopping, and further makes no way whereby one making inquiry can ascertain that it will not stop, then the company is most certainly liable, if the passenger purchasing the ticket and boarding the train is carried past the point. The case of *Yazoo, etc., R. R. Co.* v. *Rodgers*, 80 Miss., 200, relied on by appellant differs from this, in that in this case Harris' ticket on its face bore the statement that it was good only until midnight, and the conductor must have accordingly known that this train was the

only train which could transport plaintiff to his destination before the time-limit. In the *Rodgers case* the plaintiff, instead of trying to return on the train which the ticket entitled him to return on, sought to return on a train notoriously known and scheduled as not stopping at small stations. Rodgers' ticket entitled him to return to Egremont from Vicksburg, but he had the opportunity to return within the time-limit on another train. Mr. Joseph, the agent at Egremont, testified that no tickets were sold at Egremont for train No. 6, the fast train which Rodgers attempted to travel on. Rodgers bought an excursion round trip ticket at Egremont to Vicksburg and return. He could have returned on the excursion train, but chose not to do so. In the present case there was no other train except this local passenger train for return within the time-limit. Harris' ticket had on it the statement that it was good only until 12 o'clock that night. The ticket sold Rodgers allowed his return on at least one train. But here we have a case where the company sells a ticket good only for a certain time, and there is no train for its use in said time-limit except train No. 26, the local passenger, the one from which appellee was ejected.

As to the law covering this case, we refer the court to: *Atkinson* v. *Southern Ry. Co.*, 55 L. R. A., p. 223; *Head* v. *Georgia Pac. R. R.*, 79 Ga., 358; *Boehm* v. *Duluth, etc., R. R. Co.*, 91 Wis., 592.; *Railroad Co.* v. *Mackie*, 1 L. R. A., 567; *Howard* v. *Railroad Co.*, 61 Miss., 194, and cases cited in opinion in 55 L. R. A., 223, *supra*.

"The face of the ticket is conclusive evidence to the conductor of the terms of the contract of carriage between passenger and carrier." *Poulin* v. *Canadian P. R. R.*, 17 L. R. A., 300 (52 Fed. Rep., 197).

As to how far a corporation is bound by ticket agent's statements, see *Burnham* v. *Grand Trunk R. R. Co.*, 63 Me., 298; see also 30 L. R. A., 730, and 32 L. R. A., 154.

A passenger's ticket is both a receipt and a contract. It is

the acknowledgment of the receipt of the passenger's fare and the obligation to carry him for the purpose and upon the terms specified. *R. ·R. Co.* v. *Ashby*, 52 Am. Rep., 623. The ticket constitutes a contract between the carrier and holder. *Sears* v. *Eastern R. Co.*, 14 Allen (Mass.), 433.

Railroad passengers have a right to rely, until differently informed, upon information given by a ticket agent in answer to an inquiry relative to stoppage of a certain train at a certain station. Woods Railway Law, vol. 2, page 1136. For further statement as to information given by ticket agent and obligation on company resulting, see 2 Woods Railway Law, 1415; in *Wells* v. *R. R. Co.*, 67 Miss., 24, it is held that a railroad policeman engaged in the duty of assisting persons on and off trains, has no implied authority to make contracts or bind the company, therefore his statements to a passenger boarding a train that it will stop at a certain point, are not admissible in a suit against the company for failure to stop at such place.

This being so, certainly Sparkman, the flagman, would have no authority to bind plaintiff, Harris.

Argued orally by *J. B. Harris*, for appellant, and by *Chalmers Alexander*, for appellee.

TERRAL, J. delivered the opinion of the court.

Appellee on Sunday evening, the 3d day of March, 1901, bought of the agent of appellant at Ridgeland an excursion ticket to Jackson and return, good for that day only. Late at night on the same day he boarded train No. 26, which was the only train upon which he could return; and after passing Tugaloo, and before reaching Ridgeland, he was, according to the evidence made on his side of the case, ejected from the train with insult and violence. He sued the company, recovered judgment for $75, and the company appeals.

The trial court instructed the jury that, if train No. 26 was

the only train upon which appellee could return to Ridgeland that day, his expulsion therefrom was wrongful. The company insists that the instruction was error, and cites *Railroad Co.* v. *Rodgers*, 80 Miss., 200 (31 South., 581), as being opposed to this view of the law. But in that case Rodgers returned home the next day on his excursion ticket, and could have returned by one or more trains on the day he was refused passage on No. 6—a fast train not stopping at Egremont—if he had desired to do so; yet, declining to return on trains that would have placed him at home that day, he complained that a fast train, not scheduled for Egremont, excluded him from passage on it. In reply to repeated offers to bribe him, Conductor Howard made a slighting or insulting remark to Rodgers, but that incident was not a factor in the case. Having had opportunity to return to Egremont on the very day that he was refused passage by Conductor Howard, and having yet two days more for a return to Egremont, he insisted on returning to Egremont by the only train that never stopped at that point. That case was quite different from the one before us. It was, however, shown here, for the railroad company, that train No. 26 was not scheduled to stop at Ridgeland, and that the agent at Ridgeland, when selling the round trip ticket to Harris, told him that if No. 26 should be late, or behind its scheduled time, he would find difficulty in returning upon it, and that Harris replied he would take the chance. Appellant showed also, that Harris, upon boarding the train at Jackson, was warned by the flagman that the train did not stop at Ridgeland, and that he said he would get off at Tugaloo, or go on to Madison, and that the flagman permitted him to remain on the train upon that condition. It is evident that what passed between the flagman and Harris and Jackson was of no consequence, because the rights and duties of the parties were fixed by the ticket held by Harris. *Wells* v. *Railroad Co.*, 67 Miss., 24; s. c., 6 So. Rep., 737.

We further think the right of Harris to return on No. 26

was not affected by the statement of the agent at Ridgeland that, if the train was behind its scheduled time, he would experience difficulty in returning upon it; for he could not in that manner curtail or diminish the rights evidenced by the ticket which he was writing for the company. The uncontradicted proof was that No. 26 was on time, but, if it had not been on time, it would not have affected the merits of the controversy. Harris had a ticket for returning that day to Ridgeland, he entered the only train that could put him there on that day, and he was not a trespasser, but was rightfully thereon. *Head* v. *Railway Co.*, 79 Ga., 358; s.c., 7 S. E. Rep., 217; 11 Am. St. Rep., 434. To sell Harris a coupon ticket to return on that day, and then to deny him the right to passage upon the only train that could return him to his destination, would have operated as a palpable fraud upon him. We think his ticket gave him a right of passage on No. 26, and that his ejection was wrongful, and the instruction of the learned judge was not error.

The punitory damages imposed by the jury were not inflicted in consequence of the putting Harris off the train, but for insult and violence in so doing; and the question relating thereto was fairly submitted to the jury, and we do not understand counsel to challenge the instruction of the court or the finding of the jury in this respect.

The refusal of the court to grant to defendant its ninth and thirteenth requests for instruction to the jury is earnestly argued as matter of error; but, if the views expressed in the first part of this opinion are correct, their refusal was not error.

*Affirmed.*