YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* DANIEL WHITE.

1. RAILROADS. *Flag stations. Failure to stop. Ignoring signals. Exemplary damages.*

   Where the engineer of a passenger train saw and understood, but disregarded a signal to stop at a flag station when it was his duty to have stopped, and no reasonable explanation of his failure to stop is made, a question of fact is presented for the jury to determine whether his acts were characterized by malice, willfulness, wantonness, etc., justifying the award of exemplary damages.

2. SAME. *Instructions.*

   In such case the plaintiff having asked and received an instruction to the effect that the jury might award exemplary damages if they believed the failure to stop was willful, reckless or capricious, it was error for the court to refuse an instruction asked for by defendant directing the jury not to award exemplary damages if the engineer did not act maliciously, deliberately, willfully or wantonly.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

White, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment for plaintiff, defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*Smith, Hirsh & Landau* and *Mayes & Harris,* for appellant.

The court erred in refusing the instruction asked for by the defendant.

The court had already given an instruction for the plaintiff, that, if they believed that the failure to stop the train by the engineer was wilful, reckless, or capricious on his part, that they could find punitive damages, and the defendant was certainly entitled to ask, and have given, an instruction, that, if the defendant engineer did not act maliciously, or deliberately, or wilfully, or wantonly, in not stopping the train, they could only find actual damages.

*Green & Green* and *McLaurin & Thames,* for appellee.

Whether the conduct of the engineer was wanton, or wilful, or capricious, was peculiarly a question of fact for the jury.

If the engineer saw the signal and ran by the station without stopping, then this was such gross negligence and reckless disregard of consequences as to justify punitive damages. The instruction wholly omits the imposition of punitive damages for "recklessness" or, "in the absence of intention, a negligence so gross as to evince a reckless disregard of consequences." *Chicago, Etc., R. Co.* v. *Scurr,* 59 Miss., 461; *Wilson* v. *New Orleans, Etc., R. Co.,* 63 Miss., 356.

Argued orally by *Murray F. Smith,* for appellant, and *Marcellus Green,* for appellee.

PRICE, J., delivered the opinion of the court.

On Sunday, August 11, 1901, White purchased a round trip ticket from Vicksburg to Glass Station, on appellant's rail-

road, entitling him to transportation, and in the afternoon of the same day he was at Glass Station in readiness to begin his return trip to Vicksburg. When ·defendant's passenger train No. 22 approached the station, White flagged the train with an umbrella and a shoe box, which he waved across the track. The train was about one-half a mile away when White began flagging it. The whistle blew, but the train ran beyond the station from two hundred to four hundred and fifty yards, where it stopped to put off two passengers. Glass Station is ten miles south of Vicksburg, and White worked on a dredge boat, and it was necessary for him to be in Vicksburg the next morning, or perhaps lose his job. Failing to get on board the train, he walked to Vicksburg, arriving there between ten and eleven o'clock at night; and it was a rainy evening. The engineer testified that he was at his post of duty, keeping a lookout; that Glass was a flag station, and when he reached the proper point he whistled for flags, and saw none; that there was no signal given to stop; that if he had been flagged, and knowingly ignored it, he would likely lose his job. The conductor testified that he stopped his train one-fourth of a mile north of Glass, for the reason that there was a young man on the train with a round trip ticket from Port Gibson to Vicksburg, and, as the train was passing by Glass Station, the passenger asked to be put off there, and the conductor signaled the train to stop, and the passenger, with another, got off.·

On this statement of facts the court gave for plaintiff the following instruction: "The court instructs the jury that, if they find for the plaintiff, they may, in addition to actual damages, assess punitive damages—that is, damages by way of punishment, to compel defendant to have due regard for the rights of the public—in such sum as they may see proper, not to exceed the amount sued for, towit, $5,000, provided, that they shall believe from the evidence that the failure to stop the train was either willful, reckless, or capricious on the part of the engineer or other employees."

The defendant asked the following instruction, and it was by the court refused: "The court instructs the jury, for the defendant, that, even though they may believe from the evidence that the plaintiff signaled train No. 22 on August 1, 1901, and, even though they may believe from the evidence that the engineer saw the signal, or, in the exercise of ordinary care, ought to have seen said signal, yet, if they further believe from the evidence that the engineer's failure to stop said train in accordance with said signal was not due to malice or deliberate design or willfulness or wantonness on the part of the engineer, they may only award the plaintiff such actual pecuniary damage as he may have sustained by reason of said failure to stop said train." The jury found for plaintiff $750.

The action of the court in giving the first instruction and in refusing the second instruction are both assigned as error. It cannot be said that punitive damages will be inflicted because the engineer of the train was in position to see; but, as to whether he did see, or not, is a question of fact for the jury. If the engineer did see the signal to stop, and understood it, and then did not stop, and there is no reasonable explanation as to why he did not stop in obedience to such a signal, growing out of his duties as engineer of a passenger train, then it is a question of fact for the jury, under proper instructions, as to whether his acts were characterized by malice, deliberate design, willfulness, or wantonness. The court gave the instruction for plaintiff that, if they believed the failure to stop the train by the engineer was willful, reckless, or capricious on his part, they might find punitive damages. Then, certainly the defendant was entitled to an instruction that if the engineer did not act maliciously, deliberately, willfully, or wantonly in not stopping the train, they could only find actual damages. We find nothing tenable in the other errors assigned.

For the refusal of the court to give the instruction asked by the defendant, the case is

*Reversed and remanded.*