YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* ABNER A. MITCHELL.

1. RAILROADS. *Flag stations. Failure to stop train. Signal seen.*

   In an action by an intending passenger against a railroad company for failing, when duly signaled, to stop at a flag station, if either the engineer or fireman saw the signal as the train approached the station, and it was not stopped, the plaintiff can recover.

2. SAME. *Exemplary damages. Capriciousness. Recklessness.*

   In such case, the signals having been seen by the engineer or fireman, it is within the province of the jury to award punitive damages, if the failure to stop was due to either capriciousness or recklessness, as well as to malice, deliberate design, willfulness or wantonness.

3. SAME. *Amount.*

   Where exemplary damages are recoverable, the amount thereof is peculiarly in the province of the jury.

FROM the circuit court of Warren county.

HON. GEORGE ANDERSON, Judge.

Mitchell, appellee, was plaintiff, and the railroad company, appellant, was defendant in the court below. From a judg-

ment for $1,000 in plaintiff's favor, the defendant appealed to the supreme court.

On August 11, 1901, Mitchell bought a round-trip ticket from Vicksburg to Glass, a flag station on appellant's line of road ten miles south of Vicksburg. He went to Glass station on the morning train, and attempted to flag the evening train going to Vicksburg. The train passed without stopping, and he walked to Vicksburg. He brought suit to recover damages therefor. The evidence for plaintiff was that, a short time before defendant's train, No. 22, going to Vicksburg was due, plaintiff was at Glass station, and when the train signaled for flag by whistling, and as soon as the train came in sight, a half mile or more off, plaintiff commenced to waive a white handkerchief, and one White, was present to take passage on the same train, signaled by waiving an umbrella and a shoe box, but the train passed them without stopping, and they walked to Vicksburg in the rain. For defendant, the engineer and fireman both testified that it was a customary thing for them to stop at Glass; that they stopped many trains there, and that they always kept a lookout for flags or signals to stop; that on this occasion they kept a proper lookout, but they did not see any flag or signal from any person; that, had they done so, the train would have stopped; that they were watching out, because of the frequency of such signals at that station, and believed that, if any signals had been given, they would have seen them.

The defendant asked the following instruction: "The court instructs the jury, for defendant, that even though they may believe from the evidence that plaintiff signaled on August 11, 1901, and even though they may believe from the evidence that the engineer saw said signal, yet, if they further believe from the evidence that the engineer's failure to stop said train in accordance with said signal was not due to malice or deliberate design or willfulness or wantonness* on the part of the engineer, they may only award the plaintiff such actual pecuniary dam-

ages as he may have sustained by reason of such failure to stop said train, if he suffered any such damages."

The court modified this instruction by adding after the word "wantonness," in the instruction, indicated above by the *, the words "or capriciousness or recklessness."

The court refused the following instructions asked by defendant:

"The court instructs the jury, for defendant, that if they believe from the evidence that when train 22 passed Glass station on August 11, 1901, the engineer was keeping a proper lookout for signals, and did not see any signal to stop, they will find for the defendant, even though they may believe that such signal to stop was given."

"The court instructs the jury, for the defendant, that, under the evidence in this case, even if the jury find a verdict for the plaintiff, they must not award the plaintiff any damages in excess of the actual pecuniary money damage that he sustained, if they further believe from the evidence that he sustained such damage."

There were a verdict and judgment for plaintiff for $1,000.

*Mays & Longstreet* and *J. M. Dickinson,* for appellant.

This court, in the case of *Yazoo & Mississippi Valley Railroad Company* v. *White,* 82 Miss., 120, expressly says "as to whether the engineer did see, or not, was a question of fact for the jury," and yet the trial court in the case at bar refused to inform the jury, that even though they might believe from the evidence that the defendant was keeping a proper lookout, yet if they believe he did not see the signal they must find for the defendant, even though the signal was given, and thus the court takes from the jury practically the right to pass on and settle one of the essential points of difference in the testimony. This was fatal error.

We respectfully submit to the court, that on the facts of the case it was not one in which it was proper to award punitive

damages; that the court erred in instructing the jury that they might give exemplary damages.

*Green & Green,* for appellee.

The defendant's instruction as to punitive damages was asked in the same form it was in the White case, and the court, to make the instruction in the negative form, as asked, using the same words to describe the act as were used in plaintiff's instruction, modified it by inserting after the words "malice or deliberate design or willfulness or wantonness" the words, "or capriciousness or recklessness," and as thus modified it was given. This was not error.

This case is identical with the *White case,* 82 Miss., 120; 33 South., 970, and is based upon exactly the same evidence, except that Wise, the fireman, testified on this trial.

The case was fairly submitted to the jury on the direct conflict in the evidence between plaintiff's witness and the defendant's engineer and fireman, as to whether the train was flagged, and the jury here, as in White's case, found a verdict for the plaintiff. Such a finding should not be disturbed here.

The court, in White's case, *supra,* held that the issue of punitive damages was properly submitted to the jury, upon the same evidence we have here, and approved the plaintiff's second instruction upon that point. On the hearing it was earnestly insisted that it was not such a case as that punitive damages coud be allowed, and that the verdict of $750.00 in that case was shocking, etc. To which, the opinion of this court says, after holding that defendant was entitled to have its instructions as to punitive damages given, "we find nothing tenable in the other errors assigned." This case is conclusive on this case.

TRULY, J., delivered the opinion of the court.

This case grew out of the same state of facts as did the case of *Railroad* v. *White,* 82 Miss., 120; s.c., 33 South., 970. As

shown by the records, the evidence was substantially the same on each trial. The White case was reversed because of the refusal of the court below to grant the railroad company an instruction setting up a state of facts which rendered the infliction of punitive damages improper, and which was the converse of an instruction given for plaintiff. But in that case the court held that if the testimony for the plaintiff was true, and there was no reasonable explanation of the action of the engineer in not stoping the train, then it was proper to submit the question of the infliction of punitive damages to the consideration of the jury. The action of the court in refusing the instruction referred to was the sole error for which the White case was reversed, all other contentions being expressly decided against the railroad company. In the instant case, tried after the reversal of the White case, the learned circuit judge, in his action on the instructions presented, was properly guided by the views of this court as expressed in the opinion rendered in the White case, and the instructions given herein correctly reflect those views.

The modification of the first instruction for appellant by inserting the words "capriciousness or recklessness" was proper, and appellant could not possibly have been prejudiced thereby.

The other instructions asked by appellant were not correct, when considered in the light of the testimony, and we approve the action of the court in refusing them. Granting that the engineer did not see the signal, it does not follow that the fireman, who testified that he was also keeping a lookout, did not; and if either of them saw, or by the exercise of ordinary care could have seen, the signal, it was the duty of the engineer to have stopped the train. The instruction refused by the court did not so state.

In a proper case, when punitive damages are allowable under the law, the fixing of the amount of such damages is peculiarly within the province of the jury, and this court interferes with

such findings only when certain well established and understood principles of justice demand. In our opnion, this is not such a case.

*Affirmed.*