WHITE D. DAVIS v. YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

[49 South. 179.]

RAILROADS. *Passengers. Induced to leave train at wrong station. Gross negligence. Wilfulness. Punitive damages.*

> Where a railroad company ran a passenger train over a new line of road, in charge of servants wholly unacquainted with the stations thereon, and the conductor caused plaintiff, a passenger who had never been over the road before, to leave the train during the night at a place other than his destination, where there were no accommodations, and plaintiff wandering became lost in the woods, but finally reached a highway and walked seven miles, unarmed through a dangerous country, to his home, the question of punitive damages should be left to the jury.

FROM the circuit court of Tunica county.

HON. SAMUEL C. COOK, Judge.

Davis, appellant, was plaintiff in the court below; the railroad company, appellee, was defendant there. From a judgment for $25 in plaintiff's favor he appealed to the supreme court, contending that his recovery was too small.

Appellant took passage on a passenger train of the appellee, and requested to be put off at a flag station called Etters. The conductor told him that they were going for the first time that evening over a new route a short distance from the old line, but that there were flag stations on the new route with corresponding names, and that he would put him off at the new station of Etters, only a short distance across country to the old

station.    Appellant then explained that his buggy would meet
him at the old station of Etters, but was told by the conductor
that the distance was short, and that he could walk over from
the new station to the old one and intercept the buggy.    It was
after dark, and the station, "Etters," was called, and the con-
ductor told appellant that they had reached Etters, and ap-
pellant then got off, but before getting off, told the conductor
that he was not familiar with the ground, and wanted to be
certain that they were at his station.    The conductor assured
him that they were there, although the conductor himself had
never been over the new route.    After appellant had disem-
barked and the train had left, he discovered that he was not
at Etters, but was at Ensley.    There were no houses near the
station Ensley, and after appellant had wandered about trying
to find the new station, Etters (where his buggy had proceeded
to meet him, but had returned after the train passed without
stopping), he became lost, but finally found the road, and walked
seven miles to his home in the dark.    He was much disturbed
and frightened, because alone and unarmed, at night, in a
strange country, where lawlessness was known to exist.    On
the trial the court below declined to permit the jury to con-
sider punitive damages or mental suffering as an element of
damages, there being no testimony to show malice or inten-
tional misconduct on the part of the conductor or the de-
fendant.

J. T. Lowe, for appellant.

The court below erred in peremptorily instructing that the
jury could not award punitive damages.    The conduct of the
appellee, whether we take the version given by the appellant
or conductor Ross, was wanton and wilful and it was capricious
and the grossest of negligence and this court has many times
held that for such conduct exemplary damages could be prop-
erly awarded.    Yazoo, etc., R. Co. v. White, 82 Miss. 120, 33
South. 970; Yazoo, etc., R. Co. v. Mitchell, 83 Miss. 179, 35

South. 339; *Illinois, etc., R. Co. v. Harper,* 83 Miss. 560, 35 South. 764; *Whitfield v. Meridian,* 66 Miss. 576, 6 South. 244.

*Mayes & Longstreet* for appellee.

It is for the court to determine whether there is any evidence to support an award of punitive damages, and where, in the judgment of the court the proof fails to show anything to warrant exemplary damages, it is the duty of the court to instruct the jury that it cannot find punitive damages.

On the other hand, the court cannot instruct the jury to award punitive damages in any particular case, as this power rests solely in the discretion of the jury, and cannot be claimed as a matter of law.

Any instruction which allows the jury to award punitive damages which are not authorized by the facts is erroneous. *Chicago, etc., R. Co. v. Scurr,* 59 Miss. 456; *Forsee v. Alabama, etc., R. Co.,* 63 Miss. 66; *Vicksburg, etc., R. Co. v. Scanlan,* 63 Miss. 413; *Dorrah v. Illinois, etc., R. Co.,* 65 Miss. 14, 3 South. 36; *Pullman Co. v. Kelly,* 86 Miss. 87, 38 South. 317.

Ross, the conductor, committed an error, for which adequate compensation was granted by the jury. But by appellant's own testimony there was no malice or bad faith, no conscious intention to wrong, no wilful nor wanton disregard of the rights of appellant. And even if it be true that he was negligent in his duty it was not such gross negligence as implied a reckless and wanton indifference of the right of appellant.

Whitfield, C. J., delivered the opinion of the court.

This was manifestly a case in which the jury should have been allowed to say whether, under all the circumstances, there was such gross negligence on the part of the railroad company, such conscious indifference to the rights of the plaintiff and the public, as warranted the imposition of punitive damages, and, of course, as a consequence, if punitive damages were allowed, such a case as warranted damages for mental suffering. The

principles controlling are set forth in the cases of *Yazoo, etc., R.
Co. v. White,* 82 Miss. 120, 33 South. 970; *Yazoo, etc., R. Co.
v. Mitchell,* 83 Miss. 179, 35 South. 339; and in *Illinois, etc., R.
Co. v. Harper,* 83 Miss. 560, 35 South. 764.

<div align="right">

*Reversed and remanded.*