ILLINOIS CENT. R. CO. *v.* HAWKINS.

[74 South. 775, Division A.]

1. CARRIERS. *Punitive damages. Willful delay in transportation of passengers.*

Where a railroad company willfully delays a train for two and one-half hours to accommodate fifty school girls who were attending a concert, a passenger who, on account of such delay, fails to make connections with a train going to her destination and was forced to spend a night in a depot hotel, was entitled to recover exemplary damages, the carrier in such case being guilty of a "willful neglect of duty."

2. CARRIERS. *Delay in transportation of passengers. Damages. Mental suffering.*

Where a case justifies the infliction of exemplary damages, a recovery for mental suffering was proper.

APPEAL from the circuit court of Carroll county.
HON. H. H. RODGERS, Judge.

Suit by Margaret Hawkins against the Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Gardner, McBee & Gardner,* for appellant.

*E. F. Noel* and *J. W. Conger,* for appellee.

HOLDEN, J., delivered the opinion of the court.

Miss Margaret M. Hawkins, the plaintiff, a young lady twenty-three years of age, resident of Atlanta, Ga., brought suit in the circuit court, Second judicial district of Carroll county, to recover two thousand, nine hundred and ninety dollars damages alleged to have been sustained on account of the "wanton, willful, negligent, and reckless conduct" of appellant railroad company in failing to transport her from Vaiden to Holly Springs, Miss., on schedule time, on one of its local passenger trains, in May, 1915, and from a verdict and judgment for eight hundred dollars actual and punitive damages, in favor of Miss Hawkins, the railroad company appeals here.

The facts in the case appear to be that Miss Hawkins desired to go from Vaiden, by way of Holly Springs, to Atlanta, and she inquired through her uncle of the agent of appellant railroad at Vaiden about the train connections with the Frisco Railroad at Holly Springs, and was informed by the agent that she would make connection with the Frisco train at Holly Springs for Atlanta by traveling on one of appellant's local trains.

She boarded appellant's passenger train at Vaiden at four thirty-five p. m., with the expectation of reaching Holly Springs at eight thirty-five in accordance with the published schedule and the information given her by the agent, and would make connection there with the Frisco train going to Atlanta at ten forty p. m. After she delivered her ticket, or mileage, to the conductor, and informed him of her desire and expectation to make the connection at Holly Springs for Aalanta, the train arrived at Oxford, where, by order of the superintendent of the railroad, it was detained for about two hours and thirty minutes for the purpose of waiting for, and receiving, a number of schoolgirls as passengers for Holly Springs. On account of this delay of two hours and thirty minutes at Oxford, the train did not arrive at Holly Springs until after the Frisco train had left for Atlanta. Appellee was compelled to remain in the depot hotel at Holly Springs during the night, and departed for Atlanta at nine thirty-five a. m. next day. She complains that she had to pay her hotel bill, and spent a sleepless and troubled night, suffering much nervousness, and subsequently had a week's illiness after arriving at Atlanta. She claimed that she suffered greatly in body and mind in having to stay at the hotel alone, as she was not accustomed to traveling alone, and that her situation was uncomfortable and fearful to her, and resulted in much mental suffering, accompanied with subsequent illiness.

It appears that this lady had traveled a great deal, with a companion, in the United States, Canada, and Europe. The record further shows that the conductor of the train and the appellant's agent at Holly Springs knew that the schedule of the Frisco Railroad had been changed, so that the train left Holly Springs at an earlier time than previously. The superintendent did not know of this change personally. When the train was being detained at Oxford, the appellee requested the conductor to carry her on to Holly Springs, so

that she could make the connection for Atlanta, and he told her that he could do nothing, as the superintendent had ordered the delay of the train at Oxford. The testimony in the record shows that appellee received due courtsey, kind treatment, and a comfortable room at the hotel, and that no employee of the appellant was guilty of any abuse, insult, or oppression, but, on the other hand, they were all courteous, and guilty of no oppressive or offensive conduct toward her.

The only serious question presented in this appeal is whether the facts here justify the infliction of punitive damages. Of course, if there was no willful wrong or gross negligence on the part of the appellant railroad company then punitive damages were not recoverable, and it would follow that no recovery could be had for the mental pain and suffering claimed by the appellee. But, on the other hand, if the appellant, through its servants, was guilty of willfulness or wantonness in delaying the train two hours and thirty minutes at Oxford, causing the appellee to suffer damages, resulting from the delay, then there was no error of the lower court in permitting the recovery of punitive damages in this case.

It seems that there were about fifty schoolgirls at Oxford, attending a concert, who wanted to go to Holly Springs on the train upon which the appellee was traveling, and they asked the railroad superintendent as an accommodation to them to hold the train at Oxford until the concert, which they were attending, was over. The desire of the superintendent to accommodate these young lady passengers, no doubt, prompted him to order this train held at Oxford for them until after the concert, so that they might board it and return to Holly Springs. He was under no duty or obligation whatever to do this, but he was under contractual obligation and duty to the appellee to perform his contract of transporting her to her destination without unnecessary and unreasonable delay.

114 Miss.—8

The concert seems to have lasted two hours and thirty minutes, because the train was held for that length of time at Oxford for the young ladies, who boarded it and rode thereon to Holly Springs. But, in the meantime, here was another young lady passenger upon that train, who had paid appellant for her transportation to Holly Springs, and she expected, and had a right to expect, when she boarded the train at Vaiden, that she would be transported without unreasoanble delay to her point of destination. And when the train was stopped at Oxford, and she learned that it was to be detained there for some length of time, she then complained to the conductor and to the agent there, protesting against the delay, and notified them that she desired to make the connection at Holly Springs with the Frisco Railroad for Atlanta; but, notwithstanding this appeal by her to the conductor and the agent of the appellant company, the train was willfully and intentionally delayed at Oxford for two hours and thirty minutes, causing her the delay over night at Holly Springs, which resulted in the injuries complained of.

It is clear to us that the appellant railroad company was guilty of willful wrong, in this: That it knowingly and intentionally delayed the train at Oxford two hours and thirty minutes, when it was under contract, and public duty, to the appellee to transport her from Vaiden to Holly Springs on reasonable schedule time. This conduct amounts to willful neglect of duty. *Vicksburg Co.* v. *Marlett,* 78 Miss. 872, 29 So. 62.

It is true that all of the agents and servants of the appellant railroad company were courteous toward the appellee, but the willfulness which warrants the infliction of punitive damages in this case consists of the treatment she received by being intentionally and willfully delayed at Oxford. *Yazoo, etc., R. Co.* v. *Hardie,* 100 Miss. 148, 55 So. 42, 967, 34 L. R. A. (N. S.) 740, 742, Ann. Cas. 1914A, 323. A common carrier cannot willfully disregard the rights of a passenger, in order to

accommodate other persons intending to become passengers by delaying a passenger train the unreasonable time of two hours and thirty minutes. 4 R. C. L. 1068, 1069. And even though the motive of the railroad superintendent was good, still the duty he owed appellee was before him, and he knowingly and intentionally violated it, and must suffer punishment in damages for the result. The case being one that justifies the infliction of exemplary damages, recovery for mental pain and suffering, shown by the evidence, was proper. *Heirn* v. *McCaughan*, 32 Miss. 17, 66 Am. Dec. 588; *Yazoo, etc., R. Co.* v. *White*, 82 Miss. 120, 33 So. 970; *Burns* v. *Alabama, etc., R. Co.*, 93 Miss. 816, 47 So. 640; *Railroad Co.* v. *Mitchell*, 83 Miss. 179, 35 So. 339; *Railroad Co.* v. *Harper*, 83 Miss. 560, 35 So. 764; *Yazoo etc., R. Co.* v. *Hardie*, 100 Miss. 132-148, 55 So. 42, 967, 34 L. R. A. (N. S.) 740, 742, Ann. Cas. 1914A, 323; *Western Union* v. *Rogers*, 68 Miss. 748, 9 So. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300; 4 R. C. L. 1003.

The judgment of the lower court is affirmed.

*Affirmed.*